THE STATE v. J. A. EASTMAN.

*Roads and Highways—Public Square—Obstruction—Indictment.*

1. An overseer is not essential to the existence of a highway.
2. A public square, in a city or town, within which is situated the court-house, is a public highway, and an indictment for its obstruction, in which it is described as "a certain public square and common public highway," and giving boundaries, is not redundant.
3. The fact that the proper authorities have been empowered to sell a portion of a public square, the power not having been exercised, does not destroy its character of a public highway.

CRIMINAL ACTION, tried at Spring Term, 1891, of BURKE Superior Court, *Hoke, J.,* presiding.

The indictment charged that the defendant at, etc., "unlawfully and wilfully did obstruct a certain public square and common public highway there situate next and adjoining the court-house in the said county-seat of Morganton, and leading to and away from, as well as around one side of the said court-house, from Sterling street in said town on the south-west side of said court-house into Green street on the south-east side of said court-house, by then and there digging holes in, and erecting a line of posts in, upon and across said public square and common public highway, over, upon and across which said public square and common public highway the citizens of the State were and long have been accustomed to pass and repass, so that the citizens of the State were prevented from going in, upon and over said public square and common public highway for a long space of time, to-wit, for the space of a day, and could not go, return, pass and travel as they ought and were accustomed to do, and had a right to do, to the great damage and annoyance and to the common nuisance of the citizens and people of the State, and contrary to the peace and dignity of the State."

109 — 50

Defendant pleaded not guilty. Upon the trial there was a verdict of guilty, whereupon the defendant "moved to set aside the verdict on the ground that there was not sufficient evidence to justify and sustain it." Motion overruled.

The defendant then moved in arrest of judgment—

1. For redundancy, in that the bill attempted to charge the defendant with two distinct and separate offences in one count, to-wit, a nuisance in obstructing a public common, and an obstruction to a public highway.

2. For that the Court had no jurisdiction of the offence of obstructing a public highway. Motion denied.

Thereupon the Court entered judgment against the defendant, who, having excepted, appealed to this Court.

*The Attorney General* and *J. T. Perkins,* for the State.
*Mr. John Devereux, Jr.,* for defendant.

MERRIMON, C. J.: It would be better if the indictment were fuller and more precise in describing the "square and common highway" as part of the public square of the county of Burke on which is situate the court-house of that county. Still it appears sufficiently to be seen and understood that the highway charged to have been obstructed by the defendant was part and parcel of that square.

The objection that the indictment is bad because it charges two distinct offences is unfounded. It charges, and its clear purpose is to charge that the defendant did obstruct "a certain public square and common public highway there situate," and charges facts descriptive of it—its location, bounds, the uses to which it is devoted, and how and where it was obstructed. It charges also the obstruction of the highway described, and though there may be some redundancy of facts charged and it might have been framed with greater technical precision and formality, it charges but a single offence with sufficient clearness to enable the Court to see

what it is, and the defendant to make any defence he may have. It does not charge, as suggested, the obstruction of the public square as " a public common," and the obstruction of a separate and distinct highway—it charges the obstruction of the public square as constituting a highway— as such square and highway. The redundancy of statement complained of does not confuse or obscure the charge in any substantial respect. The indictment is certainly sufficient in substance.

So much of such public square as is around and about the court-house and devoted to the purpose of a highway, becomes such, not simply by the use of it for such purpose, but as well by virtue of the statute which empowers the proper county authorities to purchase real property for proper public buildings, and to designate and direct the use of the same. Parts of it may be, and not infrequently are, devoted to the use of pedestrians, while other parts are used for and devoted to the purpose of passing and repassing, going to and fro, with carriages, wagons, carts, horses, etc., etc. The purpose is to enable all persons, the people, going to and from the court-house to have ample and convenient public way and means to do so. This is a material part of the purpose of what is commonly and not inaptly called the "public square" of the county. It belongs to the county. The court-house is erected upon it, and so much of it as is used for the moving about of the people constitutes and is a highway recognized, allowed and protected by the law. It belongs to the public, and they use it of right until public authority shall abolish it. Ordinarily, an overseer and laborers are not formally assigned to "work it" and keep it in order as in the case of a public road. But the Board of Commissioners of the county have charge and supervision of it, and it is their duty to keep it in repair and order to be used, and as well to protect it against invasion and injury that might be done by unwarranted intruders. An overseer is not essential to the

existence of a highway. And though there be none, still no one has the right or privilege to obstruct it. The statute (*The Code,* § 2065) expressly makes it indictable to obstruct it, and the Superior Court has jurisdiction of such offence. The public square of a county around and about the court-house being a highway, it is indictable to obstruct the same. *Stale* v. *Long,* 94 N. C., 896; *State* v. *Smith,* 100 N. C., 550; Elliott on R. & S., 2, *et seq.*

The defendant insisted that "there was not sufficient evidence to justify and sustain" the verdict of guilty. If there was any evidence to go to the jury, it was their province to determine its weight and sufficiency to warrant a verdict of guilty. The Court below might, in its sound discretion, set the verdict aside and grant a new trial, if it deemed the verdict against the weight of evidence, but the exercise of that discretion is not reviewable here. If the defendant meant to insist that there was not evidence to go to the jury, then his contention is certainly groundless. There was abundant evidence of witnesses, to which there was no objection, certainly so far as appears, tending to prove the charge as laid in the indictment. It may be that a material part of this evidence was not the best evidence and that it might have been excluded, if objection had been made in apt time, but no objection was made, and in the absence of objection it might properly go to the jury.

The learned counsel of the defendant brought to our attention the statute (Pr. Acts, 1885, ch. 120, § 62), which confers upon the Mayor of the town of Morganton, in which the public square referred to is situate, to sell the part thereof to which the indictment has reference, and he insisted that it ought to be interpreted as abolishing so much of the public square as it refers to and embraces. Such defence, so far as appears, was not made or relied upon in the Court below. The statute, if we could properly take notice of it, did not of itself abolish or purport to abolish the public square, it sim-

ply conferred upon the Mayor power to sell it for the purpose and in the way prescribed, and it does not appear that he ever exercised the power or at all disturbed the use of it *as a* highway. In no aspect of it, as it appears to us, can it be treated as serving the purpose for which it is invoked here.

There is no error, and the judgment must be affirmed.

Affirmed.