In re Will of Bruendl.

BARDEEN, J., took no part.

---

## IN RE WILL OF BRUENDL.

*January 12 — January 31, 1899.*

(1) *Physicians and surgeons: Privileged communications.* (2) *Transactions with person since deceased: "Party."*

102    45
f108   24

102      45
113     ¹512

1. Information acquired by a physician while examining a person, not for the purpose of curing or helping her, but to determine the question of her mental competency with a view to an application for

In re Will of Bruendl.

her release from guardianship, is not "information necessary to enable him to prescribe for such patient as a physician," within the meaning of sec. 4075, R. S. 1878, and the physician may, therefore, give testimony thereof.

2. An officer of a corporation which is a party to an action in which the opposite party claims under a deceased person is not himself a "party" so as to be incompetent, under sec. 4069, R. S. 1878, to testify in respect to transactions had by him personally with such deceased person.

APPEAL from a judgment of the circuit court for Ozaukee county: JAMES J. DICK, Circuit Judge. *Reversed*.

1. The proposed will of the deceased was contested on the ground of mental incompetency and of undue influence. The case was tried in the circuit court for Ozaukee county, sitting with a jury. A verdict of the jury in favor of competency, and against undue influence, was rendered, and a finding by the court was made to the same effect, and the will admitted to probate. The contestants offered the testimony of two physicians, partners, one of whom had been the attending physician of the deceased, and to whom her son-in-law applied to make an examination of her mental condition about four months before the date of the will, to ascertain as to her mental competency to care for her own property, with a view to applying to the county court for release from guardianship, under which she had been placed with her own consent. She submitted herself to the examination for this purpose. The court, after ascertaining that the knowledge of these physicians was thus obtained, excluded their testimony as privileged, under the provisions of sec. 4075, R. S. 1878, which constituted the first error assigned.

2. Among the bequests was one of $400 to a church. The proponents offered as a witness, to prove mental competency by interviews and conversations with the deceased, the pastor of that church, who was vice-president of its corporation. He was objected to as a party in interest, and incompetent

to testify to personal transactions, under sec. 4069. The objection was overruled, which constitutes the second assignment of error. The contestants also assign error for refusing certain instructions and for admitting the will to probate.

*Edgar L. Wood*, for the appellants, to the point that information acquired by physicians in making an examination for the purpose of determining the question of sanity is not privileged, cited *Nesbit v. People*, 19 Colo. 441; *People v. Sliney*, 137 N. Y. 570.

*H. B. Schwin*, for the respondent.

DODGE, J. 1. Sec. 4075, R. S. 1878, is for the benefit and protection of the patient, and its prohibitions can be waived in her lifetime only by the patient, and not by the physician. *Boyle v. N. W. Mut. R. Asso.* 95 Wis. 312. The purpose of the statute, as pointed out by Mr. Justice PINNEY in that case, is to facilitate and make safe full and confidential disclosure by patient to physician of all facts, circumstances, and symptoms, untrammeled by apprehension of their subsequent enforced disclosure and publication on the witness stand, to the end that the physician may form a correct opinion, and be enabled safely and efficaciously to treat his patient. The legislature has decided wisely that public policy requires such measure of restriction upon the freedom of the physician to testify or of others to demand testimony. But as it rested with the legislature to discover the necessity for, and to effectively impose, such restrictions, which are in derogation of the common law, it is for the courts only to enforce such as have been imposed and not others which the legislature has omitted. The seal placed on the lips of the physician only relates to "information necessary to enable him to prescribe for such patient as a physician." The tendency of all courts has been and should be toward liberal construction of these words to effectuate the purpose of the statute. Thus, it has been held that the word "necessary" should not be so restricted as to permit testimony of state-

ments or information in good faith asked for or given to enable intelligent treatment, although it may appear that the physician might have diagnosed the disease and prescribed for it without certain of the information, so that it was not strictly necessary. *Sloan v. N. Y. C. R. Co.* 45 N. Y. 125; *Grattan v. Metropolitan L. Ins. Co.* 80 N. Y. 281; *Renihan v. Dennin,* 103 N. Y. 573. So, also, the word "prescribe" is not to be used in its most limited sense of writing an order upon an apothecary for specific drugs, but should be given as liberal and enlarged an effect as the word itself will bear in the connection found.

Applying such rule, it is nevertheless apparent that the word "prescribe," when used as applicable to physicians, embodies the purpose of cure, remedy, or alleviation. The word means "to advise, appoint, or designate as a remedy for disease." Cent. Dict. Indeed, the counsel for proponents has the same understanding. He says in his brief: "The word 'prescribing,' used in the statute, does not only apply to prescribing medicines. It has a broader sense. After a physician has professionally examined a patient, he may find that the patient does not need any medicine, but that he needs different air, different food, different employment, must keep away from bad company, etc., and advises him what to do *so as to regain his health.*" We think, therefore, that the purpose to cure or alleviate is an essential element in the meaning of the words "to prescribe as a physician," as used in this statute, and that the prohibition against disclosing information only applies when such purpose is present. It may be contended, not without force, that there is the same reason for confidence when the examination is only to ascertain whether a certain disease exists, without any purpose that the physician shall attempt any prescription or advice for cure, but the legislature has not seen fit to so declare, and such a case is as it was before the statute.

In the present case, the purpose of attempting anything

In re Will of Bruendl.

remedial was wholly wanting in the interview between the medical witnesses and the deceased. The question was not whether resumption of control over her property would or would not be beneficial to her physically or mentally, but whether her mental condition was such that the county court would be likely to restore such control to her. Advice, if any, was sought, not with reference to treatment of any disease, but as to whether to make an application to the court. We hold, therefore, that the information obtained by the physicians at the interview of September 18, 1896, was not necessary, and was not obtained, for the purpose of enabling them to prescribe for the testatrix as physicians, and therefore they were not incompetent to give testimony thereof.

2. No error was committed in admitting the testimony of the pastor, vice-president of the church which was a legatee. Here, as in the above discussed assignment of error, the statute must control. Sec. 4069 only excludes "parties," and does not, as do the statutes of many states, exclude all those interested in the result. The church corporation was the party, and, although the officers and members of a corporation may be more or less directly interested in the result, the legislature has not seen fit to exclude them as witnesses in an action between the corporation and representatives of decedents or insane. An attempt was made in *Hanf v. N. W. M. A. Asso.* 76 Wis. 450, to extend this statute to agents of the corporation litigant, on the contention that, since a corporation could testify only by its agents, the purpose of the statute extended to such testimony, but the contention was overruled. An officer differs not at all from an agent, except that he usually has a pecuniary interest. That, however, does not bring him within the terms of the legislation. *New Jersey T. & S. D. Co. v. Camden S. D. & T. Co.* 58 N. J. Law, 196; *Ullman v. Brunswick T., G. & L. Co.* 96 Ga. 625; *Bopple v. Supreme Tent,* 18 App. Div. (N. Y.), 488.

As the conclusion reached upon the first assignment of error will necessitate reversal, we need make no comment on the remaining errors assigned, nor upon the sufficiency of the evidence to support the finding of the circuit court.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.

BARDEEN, J., took no part.