JAMES, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 13—January 31, 1905.*

*Criminal law: Rape: Information: Surplusage: Verdict: Certainty: Evidence: Physicians: Privilege: Confessions: Review: Bill of exceptions.*

1. Upon an information charging in one count both rape and assault with intent to rape, a verdict of "guilty as charged" is not uncertain, the charge of assault with intent to rape being mere surplusage, since it is necessarily included in the charge of rape.

2. Information acquired by a physician in the examination of a child who was brought to him after an alleged rape, not for treatment, but for the sole purpose of determining whether she then had a venereal disease from which defendant was suffering at the time of the alleged offense, was not privileged under sec. 4075, Stats. 1898.

3. Offers of settlement and confessions of guilt made by defendant after his arrest, and not induced by either threats or promises, were not rendered inadmissible in evidence by the fact that he had asked the officer in charge of him whether he had better make an offer to settle, and the officer had replied that he would not advise him to settle anything of which he was not guilty.

4. It being claimed that the child alleged to have been raped had contracted a venereal disease from defendant, evidence for the

defense as to reputation of the mother's house, in which the child lived, was not admissible in the absence of anything to show that defendant could or expected to prove that the mother was a prostitute and herself afflicted with such a disease, which she might have communicated to the child.

5. Neither the charge of the trial court nor its rulings in respect thereto being preserved in a bill of exceptions, alleged errors in such charge cannot be reviewed on writ of error.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BRAZEE, Judge.   *Affirmed.*

*J. H. Stover,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *Walter D. Corrigan,* assistant attorney general, and oral argument by *Mr. Corrigan.*

WINSLOW, J.   The plaintiff in error was convicted of the crime of rape upon a girl under the age of fourteen years, and prosecutes a writ of error to reverse the judgment.

The information charged in one count both assault with intent to rape and rape itself.   The verdict was, "Guilty as charged," and the first contention is that the verdict is indefinite and uncertain, because two different crimes are charged, and, the verdict being general, it cannot be ascertained of which crime the plaintiff in error has been convicted.   *Hogan v. State,* 30 Wis. 428.   This contention must fail, because the premises are unsound.   The charge of assault with intent to commit rape is mere surplusage.   It is necessarily included in a charge of rape.   The information charging both crimes is therefore no different, in legal effect, from an information charging rape alone.   Upon an information charging rape alone a general verdict of guilty as charged is in no way indefinite or uncertain, and hence such a verdict is not uncertain in the present case.

The child who is alleged to have been raped was taken by her mother to Dr. Bradley a few days after the alleged offense, to be examined for the purpose only of determining whether

she then had a venereal disease, it appearing that the plaintiff in error was suffering from that disease at the time of the alleged rape.  The doctor was called on the stand, and was allowed to testify, against objection, as to the results of his examination, and this ruling is assigned as error on the ground that the information obtained by the doctor was privileged under sec. 4075, Stats. 1898.  The ruling was correct, because such information is privileged only when required and obtained for the purpose of enabling the physician to prescribe for the patient as a physician or act as a surgeon. *In re Will of Bruendl,* 102 Wis. 45, 78 N. W. 169.

Testimony was received, against objection, showing certain offers of settlement and confessions of guilt made by the plaintiff in error after he was arrested, and error is alleged because it is claimed that these offers and statements were not voluntarily made.  Before the evidence was received, affirmative evidence was introduced, showing that neither threats nor promises were used to induce the making of the statements.  It is true that it appears that the plaintiff in error asked the officer having him in charge whether he had better make an offer to settle the matter, and the officer replied that he would not advise him to settle anything he was not guilty of; but we are unable to see how this remark can be reasonably construed as holding out any inducement either of hope or fear, and hence we find no error in the ruling.

The evidence showed that the child in question lived with her mother, who was a witness for the state.  A witness for the defense was asked in his direct examination whether he knew the reputation of the mother's house as to being an orderly or disorderly house, and an objection to this question was sustained.  It is now claimed that this ruling was erroneous, because it might have appeared that the mother was a prostitute and herself afflicted with venereal disease, and so that the child might have caught it from her mother.  It is sufficient to say that there was no statement made by counsel showing

that the defendant could or expected to prove any such **fact**. Certainly, in the absence of any offer of this kind, the objection was very properly sustained.

Errors in the charge of the court were also alleged in the brief, but, as neither the charge nor the rulings were preserved in the bill of exceptions, these alleged errors cannot be considered.

*By the Court.*—Judgment affirmed.