BRITTINGHAM & HIXON LUMBER COMPANY, Appellant, vs. CITY OF SPARTA and another, Respondents.

*May 2—May 21, 1914.*

*Constitutional law: Police power: Regulation of weights and measures: Classification: Coal dealers: Equal protection of the laws: Municipal corporations: Ordinances: Weighing of coal: Construction: Reasonableness: Partial invalidity: Penalties.*

1. Weights and measures may be reasonably regulated under the police power.
2. Sec. 1666b, Stats. (ch. 566, Laws of 1911), which requires coal to be sold by weight and that the seller give to the purchaser with each delivery a ticket showing the gross weight of the load, the tare, and the net weight of the coal, or, when the buyer carries away his purchase, a ticket showing the actual number of pounds delivered, and to deliver duplicate tickets to the sealer of weights and measures on demand, does not purport to be a complete scheme for the regulation of weights, and under sec. 925—52, sub. (45), Stats., a city operating under the general charter law may still adopt reasonable regulations

for the weighing and sale of coal not in conflict with any statute of the state.

3. An ordinance requiring that all coal offered for sale and delivered within the city limits, except in carload lots, shall be first weighed upon the city scales by the city weighmaster, who shall give the owner a signed ticket showing the quantity of coal in the load upon the return of the wagon unloaded and weighed, does not require the coal to be sold on the weight as shown by the city scales and so does not conflict with the statute which contemplates that coal may be weighed on any tested scales and sold on such weight.

4. An ordinance should not be declared void in its entirety because some of its provisions are deemed unreasonable, unless the court can say that the valid and void parts cannot be separated and that the former would not have been enacted except in conjunction with the others.

5. It is essential, however, to the sustaining of an ordinance in part that the portion upheld form, independently of the invalid portion, a complete law in some reasonable aspect, so that it may be fairly concluded that the council would have enacted it without the invalid parts.

6. An ordinance which has a reasonable tendency to provide a check upon the weighing of coal by the dealers is not void because incomplete and inadequate to fully accomplish that purpose, as by failing to provide means by which a purchaser can readily identify the load delivered to him from the records of the city weighmaster.

7. The fact that the expense of complying with the terms of an ordinance regulating the weighing and sale of coal will be large cannot affect its validity, since, if no more than a reasonable profit is being realized by the dealer, the expense must fall on the consumer.

8. If such an ordinance be unreasonable and therefore void as to sales made for consumption outside the city, where delivery is made at the dealer's yard in the city, it may still be held good as to other sales where the dealer hauls the coal from its yard and delivers it on the premises of the consumer within the city.

9. The fact that a city requires all coal to be weighed on its scales presupposes that it will furnish the scales and keep them in order and keep a man in charge of them at all times, excluding Sundays and legal holidays, when coal is customarily delivered, and if it fails to provide the means of weighing it cannot punish dealers for its delinquency.

10. So, if in exceptional cases deliveries must be made outside of the usual working hours in order to provide fuel for those in

immediate need of it, the city must provide the means of weighing if it would exact penalties for failure to weigh.

11. A city has the right to place coal dealers in a class by themselves and legislate for the class, and so long as the legislation is reasonable there is no denial of the equal protection of the laws.

12. The exaction of a fee of ten cents a load for weighing is not so large as to indicate a purpose to tax the industry, or any purpose except to provide a fund sufficient to defray the expense of executing the law, and does not invalidate the ordinance.

APPEAL from an order of the circuit court for Monroe county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

For more than fifteen years the plaintiff corporation has been engaged in the business of selling coal to customers in the city of *Sparta,* and for that purpose maintains sheds and yards for the storage of coal. On or about October 7, 1913, the city of *Sparta,* acting through its mayor and common council, enacted "An ordinance to regulate the weighing of coal sold and delivered in the city of *Sparta.*" Sec. 1, the material paragraph of said ordinance, reads as follows:

"All coal offered for sale and delivered within the limits of the city of *Sparta,* except in carload lots, shall first be weighed at the public city scales of the city of *Sparta* by the weighmaster, and such weighmaster shall give to the owner thereof a written ticket with his signature attached thereto of the quantity of coal contained in such load upon the return of such wagon unloaded and weighed. It shall be the duty of the weighmaster to demand and collect the sum of ten cents for each load of coal weighed by him, to be paid by the person to whom the ticket or certificate shall be given, the same to be for the use of the said city of *Sparta* and to be accounted for and paid over at the same time and in the same manner as other fees received from the city scales."

After the passage and publication of the ordinance the manager of plaintiff's business in the city of *Sparta* was arrested upon a charge of violating the ordinance and upon trial in justice's court was found guilty. Pending an appeal to

the circuit court plaintiff brought this suit to have the ordinance declared void and asking for an injunction restraining defendants from enforcing the ordinance against the plaintiff. The complaint in substance alleged that plaintiff had an established coal business in said city, with the ordinary and necessary equipment therefor; that the enforcement of said ordinance would render impossible or wholly impracticable the continuance of many of the ordinary phases of plaintiff's coal business and would otherwise oppress and restrain plaintiff in the conduct of its business; further, that the ordinance is *ultra vires* and void for the reason that it imposes a heavy burden upon the plaintiff and other dealers in coal in the city of *Sparta,* without accomplishing any public purpose or benefit; that it is unreasonable, oppressive, and in restraint of lawful trade; that it is rendered without purpose and useless by pre-existing state laws regulating weights and measures and the sale and delivery of fuel, is in conflict with the state system of regulation and the plain implication and spirit of the state laws; that it is discriminatory against plaintiff and other coal dealers and deprives them of the equal protection of the laws. Coincident with the service of the summons and complaint an order issued by the circuit court was served upon the defendants requiring them to show cause why a temporary injunction should not be granted restraining the defendants from enforcing the ordinance and enjoining the enforcement of the ordinance pending the hearing on the motion. After hearing on the motion the circuit court entered an order denying plaintiff's motion for an injunction and vacating the preliminary injunction theretofore granted, and from such order plaintiff appeals.

For the appellant there was a brief by *R. A. Richards* and *Olin, Butler & Curkeet,* and oral argument by *Ray M. Stroud.*

For the respondents there was a brief by *Graves & Masters,* and oral argument by *R. B. Graves.*

BARNES, J.   It is not claimed that weights and measures may not be reasonably regulated under the police power. The authorities holding that they may be are numerous and practically uniform.   The city of *Sparta* is operating under the general charter law.   Sec. 925—52, sub. (45), Stats., confers on common councils of cities organized under such law the power to regulate the weighing and sale of coal.   The appellant contends that this power was taken away by ch. 566, Laws of 1911, particularly that part of the law which is now sec. 1666b of our Statutes; that the power of regulation, if it existed, was not reasonably exercised; and that the ordinance unjustly discriminates against members of a certain class.

Sec. 1666b requires coal to be sold by weight and obligates the seller to give to the purchaser with each delivery a ticket showing the gross weight of the load, the tare of the delivery vehicle, and the quantity of coal contained in the vehicle.   A duplicate of this ticket must be delivered to the sealer of weights and measures on demand.   When the buyer carries away his purchase, a ticket must be given him showing the actual number of pounds delivered.

Sec. 1661, sub. 1, provides for the appointment of sealers of weights and measures in cities having a population of more than 5,000, and sub. 2 of the same section makes it his duty to inspect all scales in use in his city.

Sec. 4432, sub. 1, prohibits the use of any weighing device which has not been sealed as therein provided.

Sec. 1666b contemplates that coal may be weighed on any tested scales and sold on such weight.   The ordinance in question does not attempt to override the statute and does not conflict with it.   It was passed after the statute was enacted and presumably with knowledge of it.   We do not construe the ordinance as requiring coal to be sold on the weight as shown by the city scales.   In a rather bungling way it attempts to provide for a check on the weighing done by the

seller.    In practice the purchaser seldom is or can be present
when the coal which he has ordered is weighed.    It does not
help him out to know that the scales on which it was weighed
were accurate if the work was done in a careless way or if
the weight was dishonestly reported.    By requiring that the
weight be ascertained by a disinterested party, the purchaser
has the means at hand of knowing whether the two weights
substantially agree.    There should be no material variance if
both scales are in good order and the work of weighing is
carefully done.    If there is a variance the question of which
is right is one of fact.

Sec. 1666*b* on its face does not purport to be a complete
scheme for the regulation of weights.    It does not even go far
in the direction of efficient regulation.    It affords little pro-
tection from a practical standpoint against a dealer who may
be disposed to be dishonest or careless.    We do not think it
was intended to deprive cities of the power which they had
before the enactment of this law to adopt such reasonable reg-
ulations in regard to weighing as were not in conflict with
any statute of the state.    The cases of *State ex rel. Milwau-
kee v. Newman,* 96 Wis. 258, 71 N. W. 438, and *Ogden v.
Madison,* 111 Wis. 413, 87 N. W. 568, fully support this
conclusion.    We therefore hold that the city council had the
right to pass an ordinance relating to weighing coal, provided
it was reasonable and not in conflict with any existing state
law on the subject.

The reasonableness of this ordinance is attacked on a num-
ber of grounds.    Some of the attacks are based on the idea
that the ordinance requires the dealer to make his sales on the
basis of the weights as ascertained by the city weighmaster.
Having rejected this construction of the ordinance, these par-
ticular objections drop out of the case.    The principal re-
maining objections are the following:

(1)  Plaintiff sells a large quantity of coal to farmers and
others living outside of the city, to whom delivery is made at

the yard.   In order to comply with the ordinance such coal must be loaded on to one of plaintiff's wagons and hauled to the city scales and weighed.   The coal must then be unloaded and reloaded on the purchaser's vehicle and the empty wagon weighed.   Such procedure involves a large and a wholly unnecessary expense, inasmuch as plaintiff's scales are tested and the purchaser is himself present to see that the weighing is correctly done.   (2) Plaintiff also sells coal to city customers where delivery is made at its coal yard and in reference to which the same unnecessary handling must be done that is required where sales are made to parties who haul their coal from the yard to points outside the city.   (3) Plaintiff makes about one half of its deliveries of coal where the team travel is practically doubled in going to and returning from the place of delivery by reason of being obliged to go to the city scales on the outgoing and incoming trips, thus greatly increasing the expense of doing business without any corresponding benefit to the purchaser or any one else.   (4) Plaintiff sells a large amount of coal in small quantities and made it a practice to fill its small orders by putting several of them in a single wagon and making all of the deliveries on one trip.   Under the ordinance it must make a separate trip for each delivery and must weigh out and weigh in, thus greatly and unnecessarily increasing the cost of making such deliveries.   (5) The plaintiff frequently makes deliveries after 6 o'clock in the evening and before 7 o'clock in the morning, as well as on Sundays, when the weighmaster is not required to be on duty.   Such practice would have to be entirely discontinued under the ordinance.   (6) The city scales are at times out of repair so as to be incapable of use and were in such condition for a period of three weeks before the action was begun.   Under the ordinance the plaintiff would be precluded from selling any coal at such times. (7) The singling out of coal dealers and requiring them to pay a fee of ten cents for weighing each delivery is an arbi-

trary and unreasonable discrimination against such dealers.
(8) The ordinance in fact is of no benefit to the purchaser of
coal if it is construed as not requiring the dealer to sell on
the weight as determined by the city scales, because it does
not furnish any efficient method by which the purchaser can
determine what weight the city scales showed.   (9) It would
cost not less than seventy-five cents per ton to comply with the
terms of the ordinance, which expense is altogether out of
proportion to any benefit that would result therefrom.

It does not follow that because there may be some pro-
visions of this ordinance which the court might deem unrea-
sonable the entire ordinance must be declared void.   Unless
the court can say that the void parts cannot be separated from
the valid ones and that the whole must fall because such
void parts were a compensation for the valid ones and that
the valid parts would not have been enacted except in con-
junction with the void ones, the ordinance should not be held
bad in its entirety.   Any objection that does not go to the
validity of the entire ordinance need not and in fact should
not be considered in a suit of this character.   *Wadhams Oil
Co. v. Tracy,* 141 Wis. 150, 123 N. W. 785; *State ex rel.
Buell v. Frear,* 146 Wis. 291, 131 N. W. 832; *Borgnis v.
Falk Co.* 147 Wis. 327, 133 N. W. 209; *Income Tax Cases,*
148 Wis. 456, 134 N. W. 673, 135 N. W. 164.   It is essen-
tial, however, that the part upheld form, independently of the
invalid portion, a complete law in some reasonable aspect, so
that it may be fairly concluded that the council would have
enacted it without the invalid parts.   *Water Power Cases,*
148 Wis. 124, 152, 134 N. W. 330.

We think it clear that the ordinance was passed to provide
for a check on the weighing done by the dealers.   It must be
conceded that it is incomplete and inadequate to fully accom-
plish this purpose.   The city weighmaster need not be ad-
vised of the name of the purchaser and is not required to keep
any record showing to whom the delivery was made.   It will

be difficult if not impossible for the purchaser in many cases to identify the delivery made to him from the record of the weighmaster. The fact that the ordinance is not as comprehensive as it might be is not a sufficient reason for holding it void. If it has a reasonable tendency to accomplish the end sought and the end is a justifiable one, it should be held valid. There can be little doubt that it has such tendency. The very fact that each delivery must be weighed on the city scales will in itself tend to make the dealer more careful in the matter of weighing. The purchaser, if he so desires, may accompany the coal wagon on its return trip to the city scales and get exact information as to the weight of his coal by that scales. There are other means by which the purchaser can ascertain what the coal which he bought weighed on the city scales. So while the ordinance is not very complete, it cannot be said that it is so inefficient that it cannot bring about the desired results in a large measure.

The complaint and affidavits tend to show that the expense of complying with the terms of this ordinance will be large, and it is also said that coal is sold on a small margin. Assuming the facts to be as stated, we do not see how they can affect the validity of the ordinance. If no more than a reasonable profit is being realized by the dealers the expense must fall on the consumer. The dealers can readily add the increase in expense to the price which they formerly charged for coal and protect themselves from any loss on account of the regulation. The city council in passing the ordinance in question presumably did so in response to a demand from those who were purchasers of coal. The expense necessarily connected with the delivery of coal is just as legitimate an item to be included in the price of the commodity as is the cost of the coal at the mine or the cost of freighting it to the dealer. If the consumers are willing to pay the expense necessarily incurred in making a test weight, surely the privilege they ask should be accorded them, and we do not see wherein the deal-

ers or any one else, except it be the consumers, have any substantial ground for faultfinding on the score of expense.

If the ordinance applies to sales made for consumption outside of the city, where delivery is made at the plaintiff's coal yard, it may be that it is unreasonably burdensome as applied to such sales.    The plaintiff and other coal dealers in *Sparta* may come in competition with dealers in other places in making sales to farmers and others using coal some distance from the city.    If the extra expense entailed by the ordinance is as great as is claimed, it might well prevent the *Sparta* dealers from meeting the prices made by other dealers who are not handicapped by such a regulation.    We are not at all certain, however, that the ordinance was intended to apply to cases where delivery is made to the purchaser at the coal yard and where the latter has the opportunity to observe the weighing of the coal which he buys.    We do not decide the point, but hold that if the ordinance is invalid as to such sales it may still be held good as to sales made for consumption within the city and where the dealer hauls the coal sold from its yard and delivers it on the premises of the consumer.

The fact that the city requires all coal to be weighed on its scales presupposes that it will furnish the scales and keep them in order and keep a man in charge of them at all times, excluding Sundays and legal holidays, when coal is customarily delivered.    If it fails to provide the means of weighing it cannot punish dealers for its delinquency.    They are not obliged to suspend their business or to change their methods of carrying it on further than to weigh the coal sold by them in the manner provided if they are afforded the opportunity to do so when they make their deliveries.    This does not mean that they can make night deliveries to evade the ordinance.    It does mean that, if in rush seasons and in exceptional cases deliveries must be made outside of the usual working hours in order to provide fuel for those in immediate need of it, the city must provide the means of weighing before it can exact the prescribed penalties for failure to weigh.

The city had the right to place coal dealers in a class by themselves and legislate for the class, and so long as the legislation was reasonable there was no denial of the equal protection of the laws to the dealers.  *Kiley v. C., M. & St. P. R. Co.* 142 Wis. 154, 125 N. W. 464; *Borgnis v. Falk Co.* 147 Wis. 327, 353, 133 N. W. 209; *Maercker v. Milwaukee,* 151 Wis. 324, 139 N. W. 199; *Cream City B. P. Co. v. Milwaukee,* 158 Wis. ——, 147 N. W. 25.

The exaction of the fee of ten cents for weighing did not render the ordinance void.   It was not so large as to indicate that the real purpose of the city council was to tax the industry, or that there was any purpose in mind except to provide a fund sufficient to defray the expense of executing the law.   Such a fee might be exacted.   *Wadhams Oil Co. v. Tracy,* 141 Wis. 150, 123 N. W. 785.   Besides, the dealer can shift the charge on to the consumer, so he is not injured by reason of the exaction.

We think the main features of the ordinance are valid and workable.

*By the Court.*—Order affirmed.