KOEFFLER, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 5—May 21, 1914.*

*Police power: Health regulations: Validity: Requiring landlord to provide garbage receptacles: Statutes: Partial invalidity.*

1. In the exercise of its police power the state may enact reasonable health regulations, and only when the power has been clearly abused will the courts declare such regulations void.
2. A statute (sec. 1636—151, Stats. 1911) providing that "the owner of every apartment house, tenement house, lodging or boarding house, shall furnish suitable covered receptacles for garbage, ashes and rubbish," was not invalid as being unreasonable and oppressive, nor because of indefiniteness in that it failed to define specifically the kind of receptacles to be provided.
3. Such a provision contained in a health statute should not be held void merely because some other provision of the statute, dealing with a different subject, might be invalid.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

The cause was submitted for the plaintiff in error on the

brief of *C. A. Koeffler, Jr., in pro. per.*, and for the defend-
ant in error on that of the *Attorney General, Edward Yockey*,
district attorney, and *Henry S. Sloan*, first assistant district
attorney.

BARNES, J.   The plaintiff in error was convicted for vio-
lation of the following provision contained in sec. 1636—
151, Stats. 1911: "The owner of every apartment house,
tenement house, lodging or boarding house, shall furnish suit-
able covered receptacles for garbage, ashes and rubbish."
He urges that the statute is void because it is unreasonable
and oppressive, and also because of indefiniteness in that it
fails to specifically define the kind of receptacles that must
be provided.

Sec. 1636—151 was repealed by ch. 588, Laws of 1913,
but the repeal does not affect this action.   It was a health
statute.   Whether or not all of its provisions were valid, we
do not feel called upon to decide.   The sentence above
quoted deals with the subject of garbage.   The rest of the
statute dealt with other matters.   We think the garbage pro-
vision, if otherwise valid, should not be held to be void be-
cause some other provision of the law dealing with a different
subject might be invalid.   *Brittingham & H. L. Co. v.
Sparta, ante,* p. 345, 147 N. W. 635, and cases cited therein.

The state in the exercise of its police power had the right
to pass reasonable health regulations.   It is only where the
power to regulate has been clearly abused that the courts will
declare the manner of its exercise to be in violation of con-
stitutional rights.   *Cream City B. P. Co. v. Milwaukee,* 158
Wis. ——, 147 N. W. 25, and cases cited therein.   Garbage is
often temporarily stored outside of buildings until it is carted
away.   It is generally offensive and forms a breeding place
for flies, and we do not understand that it is claimed that the
city might not properly require that garbage be stored in
inclosed receptacles.   Whether it is or not, we do not think
there is any doubt about the right of the state to require that
it be so kept.   The real objection to the law is that it is

made the duty of the landlord to provide the receptacle, instead of the duty of the tenant who creates the garbage. Uncovered garbage is just as likely to affect the health and comfort of the occupants of adjacent premises as it is that of the tenant who is responsible for it. It is not unreasonable to require the owner of a parcel of land to see that his premises are so used as not to constitute a nuisance as to the occupants of adjacent premises. This refuse must of necessity be stored some place if only for a short time, and we do not think the provision requiring the landlord to furnish the storage receptacle is so far without the bounds of reason as to warrant the court in holding it void. It would hardly be said that the owner of such a building as is described in the statute could not be required by law to provide suitable water closets for the use of his tenants, and yet as far as the general public health is involved the difference between these two conveniences is one of degree only.

Concerning the indefiniteness of the law, little need be said. Almost any water-tight receptacle that has a well-fitting cover will answer the purpose of the law. The legislature could not well go into details as to the dimensions of the receptacle or the material out of which it should be made. Its size must depend in a large degree on the quantity of garbage that is to be stored. This depends on the character of the occupancy of the building and the number of tenants who use a single receptacle. We think any one making an honest effort to comply with the law in the way of securing a suitable receptacle will not encounter very much difficulty in doing so. We suppose that garbage cans are commonly kept for sale in hardware stores in cities. Cans sufficiently large for the accommodation of the garbage accumulations from a large apartment house or boarding house may not be kept in stock by hardware dealers, but they can be readily made.

*By the Court.*—Judgment affirmed.