CITY OF RACINE, Appellant, vs. WOITESHEK, Respondent.

*October 13—November 18, 1947.*

*Kenneth ·L. Greenquist,* city attorney, for the appellant.

For the respondent there was a brief by *Harvey & Harvey* of Racine, and oral argument by *Richard Harvey, Jr.*

RECTOR, J.    The appeal is based upon asserted error in the exclusion of Dr. Cook's evidence.    The applicable statute reads:

"325.21    *Communications to doctors.*    No physician or surgeon shall be permitted to disclose any information he may have acquired in attending any patient in a professional character, necessary to enable him professionally to serve such patient, except only (1) in trials for homicide when the disclosure relates directly to the fact or immediate circumstances of the homicide, (2) in all lunacy inquiries, (3) in actions, civil or criminal, against the physician for malpractice, (4) with the express consent of the patient, or in case of his death or disability, of his personal representative or other person authorized to sue for personal injury or of the beneficiary of an insurance policy on his life, health, or physical condition."

*In re Will of Bruendl* (1899), 102 Wis. 45, 47, 48, 78 N. W. 169, disposes of the matter.    There a physician had examined

a woman to ascertain her mental competency. A son-in-law was desirous of advice on that subject in order to determine whether he should apply to the county court for her release from guardianship. About four months later the woman executed a will. Upon her death it was offered for probate and an objection was filed. At the trial the doctor's testimony was offered by the contestants. It was excluded and the contestants appealed. This court held that the doctor's testimony should not have been excluded. It said that information derived from an examination could be divulged by the examining physician where the purpose of the examination was solely "to ascertain whether a certain disease exists, without any purpose that the physician shall attempt any prescription or advice for cure."

The language of the statute has undergone some change since *Will of Bruendl, supra,* but for the purpose at hand it is not significant. At that time the physician was prevented from disclosing "information necessary to enable him to prescribe for such patient as a physician." The court pointed out that "prescribe" embraced the general object of attempting to cure, remedy, or alleviate. At the present time a physician is prevented from disclosing information "necessary to enable him professionally to serve such patient." The meaning of "serve" is equivalent to that of "prescribe," as it was defined prior to the amendment.

There was no purpose here of treating the person examined. It is true that Dr. Cook stated he would have given Woiteshek emergency treatment if it had been required, but the examination was not undertaken with a view to treatment and the information was not acquired for the purpose of treatment. Such being the case, the statute does not operate to silence the doctor, and his testimony should have been received.

We must, however, affirm the judgment on another ground. After the trial had been concluded, the case of *State ex rel.*

*Keefe v. Schmiege* (1947), *ante,* p. 79, 28 N. W. (2d) 345, was decided in this court. We interpreted sec. 85.84, Stats. 1945, as limiting municipalities to the enactment of traffic ordinances in strict conformity with the provisions of state statute. The state law, sec. 85.91 (3), provides for punishment by fine or imprisonment or both for violation of sec. 85.13, the drunken-driving statute. We said that the penalty of imprisonment, except as an alternative of nonpayment of a fine, could not be imposed except as a punishment for crime; that municipalities could not punish for crime; and that a drunken-driving ordinance enacted pursuant to the authority of sec. 85.84 and providing the same penalty as that provided by sec. 85.91 (3) was invalid. We said that the provisions relating to imprisonment other than for nonpayment of fine could not be severed since the local governing body was not authorized to enact the ordinance without that provision. Thus, we could not assume that if the offending portion were stricken the remaining portion would have been enacted. *Cf. State ex rel. McStroul v. Lucas* (1947), *ante,* p. 285, 29 N. W. (2d) 73.

The ordinance in this case is subject to the infirmity of the ordinance in the *Schmiege Case, supra.* This is in no sense the fault of those who drafted it, but rather is a consequence of conforming with the state law, under which a valid ordinance could not be enacted.

*By the Court.*—Judgment affirmed without costs.