Dane County, Appellant, vs. Bloomfield, Respondent.*

*May 5—June 8, 1954.*

* Motion for rehearing denied, with $25 costs, on October 5, 1954.

For the appellant there was a brief and oral argument by *Richard W. Bardwell,* district attorney, and *William F. Lorenz, Jr.,* assistant district attorney.

For the respondent there was a brief and oral argument by *Donald W. Kaatz* of Madison.

BROADFOOT, J. The defendant makes the same argument upon this appeal. He cites sec. 85.84 of the Wisconsin statutes, which reads as follows:

"No local authority shall have power to enact, pass, enforce, or maintain any ordinance, resolution, rule, or regulation requiring local registration or other requirements inconsistent with the provisions of this chapter, or in any manner excluding or prohibiting any motor vehicle, trailer, or semitrailer, whose owner has complied with the provisions of this chapter, from the free use of all highways, except as provided by section 66.45; but the provisions of this section shall not apply to corporations organized pursuant to chapter 55 of the Laws of 1899. Except for the suspension or revocation of motor vehicle operators' licenses, any local authority may pass any ordinance, resolution, rule, or regulation in strict conformity with the provisions of this chapter *but the penalty for a violation of any of its provisions shall be limited to a fine or a forfeiture* and any such ordinance, resolution, rule, or regulation so adopted must be in strict conformity with provisions of this chapter except as above provided. If any person gives bail for his appearance to answer a charge under such ordinance, resolution, rule, or regulation, except for a parking violation, it shall not be forfeited for his failure to appear except by order of the court. Any officer paying bail money into the county or municipal treasury without such court order shall be deemed guilty of violating section 348.28." (Emphasis supplied.)

He cites three opinions of the attorney general, the last one given on April 9, 1947, which state that municipal ordinances prescribing different penalties than prescribed by the state law are inconsistent therewith and are void. He also cites the case of *Baraboo v. Dwyer,* 166 Wis. 372, 165 N. W. 297, which stated the same rule.

Prior to August, 1947, the pertinent part of sec. 85.84, Stats., read as follows:

". . . Any local authority may pass any ordinance, resolution, rule, or regulation in strict conformity with the provisions of this chapter *and imposing the same penalty* for a violation of any of its provisions except the suspension or revocation of motor vehicle operators' licenses, and any such ordinance, resolution, rule, or regulation so adopted must be in strict conformity with the provisions of this chapter except as above provided." (Emphasis supplied.)

By ch. 572, Laws of 1947, effective August 18, 1947, the legislature changed the wording to read as first above quoted. It will be noted that this amendment struck from the section the words "and imposing the same penalty" and substituted therefor the words "but the penalty for a violation of any of its provisions shall be limited to a fine or a forfeiture." On June 12, 1947, this court handed down its decision in the case of *State ex rel. Keefe v. Schmiege,* 251 Wis. 79, 28 N. W. (2d) 345, holding that sec. 85.84, Stats., authorizing local authorities to pass ordinances in strict conformity with ch. 85 thereof relating to motor vehicles and traffic and to impose the same penalty for violation was, so far as it delegates to municipal and county authorities the power to create a crime by treating a violation of an ordinance as a misdemeanor, with the imposition of imprisonment as a penalty, void as an attempt to confer sovereignty on local authorities. That decision brought about the change in the wording of sec. 85.84. The opinions of the attorney general

and the decision in *Baraboo v. Dwyer, supra,* so far as it referred to the penalty in the city ordinance, were based upon the wording of the statute before the 1947 amendment, and were correct statements of the law prior to that amendment. The statute has not been construed by this court since that time.

There is a diversity of opinion in other jurisdictions as to whether or not the penalty provision of a local ordinance must conform to the penalty provision of a state statute regulating the same subject. In 5 McQuillin, Mun. Corp. (3d ed.), p. 372, sec. 17.15, it is stated:

"In some instances an ordinance that covers an offense denounced by statute must, in the absence of authorization to impose a different penalty, prescribe the same penalty as the statute. In other words, if the ordinance penalty conflicts with that of the general law of the state covering the same subject, the ordinance penalty is void. The charter or ordinance penalty cannot exceed that of the state law. On the other hand, power in a municipal corporation to regulate a subject by penalty is authority under some charter or statutory provisions or construction thereof by the courts, to impose a different penalty from that imposed by statute relating to the same subject. Indeed, where the unlawful act may be an offense against both the state and the municipal corporation, decisions exist to the effect that the penalty of the ordinance, where it is not otherwise limited to such extent, may be greater than that provided in the state statute or federal law. Clearly, of course, a statutory penalty may be exceeded or increased by the penalty of an ordinance where power to impose such penalty by ordinance has been expressly given.

"In some instances an ordinance may impose a smaller penalty than that fixed by general law, state or federal, in the same matter, and this result has been reached even where the rule is that an ordinance cannot impose a greater fine than that fixed by the general law. But in other instances an ordinance fixing a penalty at less than the penalty prescribed by the state law is void. This is particularly true where, as in Kentucky, the state constitution provides that no municipal

ordinance shall fix a penalty for violation thereof at less than that imposed by statute for the same offense. Nevertheless, it has been said that such constitutional provision does not interfere with or prevent a municipal legislative body from imposing fines, at its discretion, for violation of an ordinance merely local in its operation, where imposition of such fine is not a bar to prosecution for violation of the general statute."

Cases are cited in the footnotes to the above statement showing the diversity of opinion in different states. However, the decisions from other jurisdictions are not particularly helpful because the statutes permitting local authorities to regulate the peace and good order in their communities differ in language. We must, therefore, analyze our own state statute and determine the legislative intent from the words used therein in the light of the history of the statute.

Since the decision in the *Schmiege Case, supra,* it is impossible for local authorities to strictly conform with the provisions of the state statutes relating to traffic violations. The compulsory jail-sentence provision of the state statute cannot be included in a county or municipal ordinance. Thus it is no longer possible for local authorities to impose the same penalty. The only reasonable construction to be given to the new statute is to conclude that the legislature authorized local authorities to impose penalties not in strict conformity with the state statute so far as the penalty is concerned, and the only limitation imposed by sec. 85.84, Stats., is that the penalty be limited to a fine or a forfeiture. It follows that the words "strict conformity" therein, since the amendment, refer to the offense or substantive law and not to the penalty provision. Any other construction would result in a repeal by the legislature of all local ordinances dealing with drunken driving. Therefore, the section of the Dane county traffic ordinance dealing with drunken driving complied with the statute at the time the defendant was

arrested. The section was valid and the superior court of Dane county, as well as the circuit court, had jurisdiction to sentence the defendant upon finding there was a violation thereof.

*By the Court.*—Order reversed, and cause remanded for further proceedings.

* Motion for rehearing denied, with $25 costs, on October 5, 1954.