CITY OF RACINE, Respondent, v. POVKOVICH, Appellant.

*January 7—February 4, 1964.*

For the appellant there was a brief by *Baumblatt & Goodman* of Racine, and oral argument by *L. P. Baumblatt.*

For the respondent there was a brief by *Jack Harvey,* city attorney, and *Louis J. Roshar,* assistant city attorney, and oral argument by *Mr. Roshar.*

HALLOWS, J. The defendant argues although he was driving under the influence of liquor he could not be prosecuted under the ordinance because the ordinance did not include driving under the influence of liquor when an injury to a person was involved. One Joseph Lopez, who was riding with the defendant at the time, was injured. The defendant admits he could have been prosecuted under state law.

Ordinance 12–346.63 (1) (a) is an adaptation of sec. 346.63 (1) (a) of the statutes providing, in part, it is unlawful for a person while under the influence of an intoxicant to operate a motor vehicle. The penalty section of the

ordinance, sec. 12.90, provides, in part, "Any person who shall violate any of the provisions of sections 12–346.63 (1) . . . shall, upon conviction thereof, forfeit not more than $200.00, together with the costs of prosecution. (All violations involving death or injury to a person shall be prosecuted under the statutory law and not under the City ordinances.)" The trial court held the parenthetic language created a penalty contrary to the authority granted the city of Racine under sec. 349.06, Stats.[1] and, on the authority of *Racine v. Woiteshek* (1947), 251 Wis. 404, 29 N. W. (2d) 752, was void. The court further found the remainder of the ordinance was valid because of the separability provisions of sec. 25.07 of the ordinance.

We do not agree with the interpretation of the trial court or the defendant. The language does not create a crime. In *Racine v. Woiteshek, supra,* a drunken-driving ordinance which provided a fine or imprisonment, or both, for a violation, was held void on the authority of *State ex rel. Keefe v. Schmiege* (1947), 251 Wis. 79, 28 N. W. (2d) 345. Prior to *Keefe,* it was generally understood the strict conformity rule of sec. 349.06, Stats., required an ordinance to provide the same penalty or sanction for its violation as the corresponding statute did for its violation. Ordinances which provide for imprisonment for a violation as distinguished from an alternative for nonpayment of a fine were held void as creating a crime which was beyond the power of local authorities on the theory a local authority was not a sovereignty and could not be delegated the power to create crimes. Subsequent to *Keefe,* the legislature by ch. 572, Laws of 1947, changed the wording of the then sec. 85.84

---

[1] "349.06 AUTHORITY TO ADOPT TRAFFIC REGULATIONS IN STRICT CONFORMITY WITH STATE LAW. Except for the suspension or revocation of motor vehicle operator's licenses, any local authority may enact and enforce any traffic regulation which is in strict conformity with chs. 341 to 348 but the penalty for violation of any of its provisions shall be limited to a forfeiture."

(now sec. 349.06) to provide a local authority might pass ordinances in strict conformity with the traffic code but the penalty for the violation should be limited to a fine or forfeiture. In *Dane County v. Bloomfield* (1954), 267 Wis. 193, 64 N. W. (2d) 829, a city ordinance providing a lesser fine or forfeiture than that provided for by statute covering the same subject was held valid.

We do not construe the penalty language of the city ordinance as creating a crime or incorporating the state penalties by reference. Consequently, the rule of the *Woiteshek* and *Keefe Cases* is not applicable.

The contention of the defendant does not seem reasonable. His construction would carve from the language of sec. 12–346.63 (1) (a) creating the violation of the situation where an injury or death results to a person while one is driving under the influence of liquor. The defendant contends this construction is reasonable because of the more-serious nature of such violations, and prosecutions therefor should be under the state statute and not constitute a violation of the city ordinance. If this construction were correct, we would be faced with the question of whether such an ordinance is in strict conformity with the corresponding statute within the meaning of sec. 349.06. Not reaching this question, we do not decide it.

We agree, however, that a case involving the driving of a motor vehicle while under the influence of liquor resulting in an injury or death to a person is more serious than one where no injury is involved. But it does not follow necessarily that the language dealing with the enforcement of a violation functions to negate the language creating the violation.

We construe the parenthetic language of the penalty section of the ordinance to be directive to the law-enforcement officers to cause the prosecution of those violations of the ordinance which involve death or injury to a person to be

brought under the statutory law rather than under the city ordinances. The language, "All violations involving death or injury to a person" refers to breaches of the ordinance. Such conduct also constitutes a violation of the statutory law on the same subject. The dual enforcement of traffic violations and the choice of the forum of enforcement have given rise to many problems.[2] On the ground of public policy, the city of Racine could remove the choice of the forum for prosecution from the law-enforcement officers by such a direction.

Some significance too must be given to the use of parentheses. Generally, a parenthetic phrase or sentence is by way of comment or explanation and we find no reason to treat this language otherwise. In view of the history of the rule of strict conformity applicable to the enactment and enforcement of traffic regulations by local authorities, it would be quite reasonable and logical to express the public policy of the city parenthetically that certain conduct although amounting to an ordinance violation ought to be prosecuted under state statute as a crime.

This construction, however, does not aid the defendant; it furnishes him no defense. The directory character of the language does not affect the jurisdiction of the court, the validity of the ordinance, or limit the scope of the subject matter of the ordinance. True, in this case the city attorney did not follow the directory language of the ordinance. Such disregard of the ordinance is a matter solely between the city and its city attorney. The effect of this directory language is not unlike the effect of the directory language in sec. 955.20, Stats., concerning the duties of a district attorney discussed in *Tell v. Wolke* (1963), 21 Wis. (2d) 613, 124 N. W. (2d) 655.

*By the Court.*—Judgment affirmed.

---

[2] Is Criminal or Civil Procedure Proper for Enforcement of Traffic Laws? Traffic Offenses, 1959 Wisconsin Law Review, 418, and 1960 Wisconsin Law Review, 3.