CITY OF MADISON, Respondent, v. McMANUS, Appellant.

*No. 125. Argued September 30, 1969.—Decided October 28, 1969.*
(Also reported in 171 N. W. 2d 426.)

For the appellant there was a brief and oral argument by *Jack McManus* of Madison, in *pro. per.*

For the respondent there was a brief by *Edwin C. Conrad,* city attorney, and *Frederick W. Fischer,* assistant city attorney, and oral argument by *Mr. Fischer.*

HALLOWS, C. J. McManus parked his car in a nonparking zone in the basement garage of the City-County Building in the city of Madison, Wisconsin, in a parking stall which was reserved for the Dane county purchasing department. This violation was his first such offense. There were signs in the garage indicating "No Parking," "Authorized Vehicle Only," and "Parking by Permit Only." It was stipulated McManus had no permit to park in the parking stall.

The primary challenge is that the city ordinance is invalid because its penalty provision exceeds the provision of the equivalent state statute contrary to sec. 349.06, Stats. The equivalent state statute, sec. 346.55 (3),[1] prohibits parking on public property without permission contrary to a posted sign thereon. The penalty

---

[1] "346.55 **Other restrictions on parking and stopping.** . . .

"(3) No person shall, without the permission of the owner or lessee of any public or private property, leave or park any motor vehicle thereon contrary to a posted sign thereon, if there is in plain view on such property a "No Parking" sign, or a sign indicating limited or restricted parking. Owners or lessees of such property may prohibit parking, may restrict or limit parking and may permit parking by certain persons and prohibit it or limit it as to other persons."

for such violation as provided by sec. 346.56 (1) [2] is a fine of not less than $20 nor more than $40 for the first violation. A city may enact traffic regulations based on the provisions of ch. 341 through ch. 348, if the traffic regulations are "in strict conformity" with these chapters, but the penalty for violation of any traffic regulation shall be limited to a forfeiture. Sec. 349.06.[3] Pursuant to this authority the city of Madison enacted city ordinance 12.128 (9) (a) [4] which carries a penalty of not less than $10 nor more than $200.[5]

[2] "346.56 **Penalty for violating sections 346.51 to 356.55.**

"(1) Any person violating s. 346.52 to 346.55 (3) may be fined not less than $20 nor more than $40 for the first offense and not less than $50 nor more than $100 for the 2nd or subsequent conviction within a year."

[3] "349.06 **Authority to adopt traffic regulations in strict conformity with state law.** Except for the suspension or revocation of motor vehicle operator's licenses and regulations imposing penalties for operating a motor vehicle upon a highway without a license or while a license is revoked, suspended, canceled or expired, any local authority may enact and enforce any traffic regulation which is in strict conformity with chs. 341 to 348 but the penalty for violation of any of its provisions shall be limited to a forfeiture."

[4] "**Miscellaneous restrictions on parking.**

"(9) *Parking on Public Property; City-County Building Garage.* . . .

"(a) No person shall without the permission of the City-County Building Commission leave or park any motor vehicle or vehicles in the garage of the City-County Building contrary to a posted sign thereon if there is in plain view on such property a 'No Parking' sign or a sign indicating limited or restricted parking. The City-County Building Commission may permit parking of automobiles when said automobiles are operated by employees or officers of the city or county and where the necessities of their employment or office require parking facilities in the garage of the City-County Building, and for that purpose the City-County Building Commission may designate appropriate space for such parking. Time limits apply on working days only, between the hours of 7:30 A. M. to 5:00 P. M."

[5] 12.141 (6) "Any person violating any provision of 12.123 or 12.128 (5) or (9) may be fined not less than $10.00 nor more than $200.00."

The issue is whether the city ordinance providing a maximum penalty of $200, which exceeds the maximum $40 penalty in sec. 346.56 (1), Stats., is void. It is argued by the city that the phrase "strict conformity" refers only to the offense or substantive law and not to the penalty provision while McManus claims "strict conformity" also applies to the penalty.

This dispute centers around our language in *Dane County v. Bloomfield* (1954), 267 Wis. 193, 64 N. W. 2d 829, wherein this court held a forfeiture provided for violation of a local traffic ordinance based on a state statute could be less than the statutory penalty. In reaching this conclusion we stated "strict conformity" referred to the offense and not to the penalty of the state law and "any other construction would result in a repeal by the legislature of all local ordinances dealing with drunken driving."

This reasoning was based on the fact that after the county of Dane had patterned its ordinance on drunken driving after the state statute, the state increased the penalty for drunken driving. It was assumed the enactment of the statute increasing the state penalty "would result in a repeal by the legislature of all local ordinances dealing with drunken driving" unless the court construed the "strict conformity" clause of sec. 349.06, Stats., not to apply to a penalty. It was also reasoned that since *State ex rel. Keefe v. Schmiege* (1947), 251 Wis. 79, 28 N. W. 2d 345, held a county or a municipal ordinance could not provide for imprisonment, the penalty provision could not strictly conform to the corresponding state statute and, therefore, was not meant to apply to forfeitures at all.

But a more reasonable interpretation is that the forfeiture provision of a local ordinance must strictly conform to the statute. The language "the penalty for violation of any of its provisions shall be limited to a forfeiture" does not take the forfeiture out of the strict

conformity clause. This language merely reflected the holding of the *Schmiege Case* that the penalty of a local ordinance must be limited to a forfeiture.

However, "strict conformity" does not mean the same or the identical penalty in the form of a forfeiture. Strict conformity in respect to a penalty means not in excess of, *i.e.*, strict conformity to a speed limit means not more than the limit but it does permit less than the limit. Of course, "strict conformity" may be used to mean copying in exact detail but when so used it is generally employed as a direction and is mandatory. However, there is no requirement that counties or municipalities must enact traffic ordinances. The holding in *Bloomfield* was correct, but its penalty rationale of strict conformity was unnecessary and incorrect. This interpretation is not contrary to *Racine v. Povkovich* (1964), 22 Wis. 2d 359, 126 N. W. 2d 37. That case did not decide an excess penalty was void; it did not even discuss the question. As used in sec. 349.06, Stats., "strict conformity" means the amount of the forfeiture cannot exceed the state penalty but may be less than it.

This interpretation does not mean the ordinance is void in its entirety but only the amount of the forfeiture exceeding $40 for the first offense and $100 for the second offense. In this ordinance the penalty provision may be severed from the offense and the excess of the penalty from the valid part. In *Schmiege* this court thought the offense and the penalty could not be separated because of the nature of the offense. However, in *Milwaukee v. Johnson* (1927), 192 Wis. 585, 213 N. W. 335, we held the provision imposing imprisonment as a penalty for a violation of an ordinance was severable and did not invalidate the entire ordinance. Certainly the $200 forfeiture was not the prime inducement which led the city of Madison officials to pass this ordinance. The amount of the forfeiture in sec. 12.141(6) in the ordinance applies to several different offenses. We cannot

hold the matter of a maximum $200 fine was deemed so important by the common council that it would not have passed ordinance 12.128 (9) (a) if this penalty had not been included. *See Brittingham & Hixon Lumber Co. v. Sparta* (1914), 157 Wis. 345, 147 N. W. 635; *Milwaukee v. Burns* (1937), 225 Wis. 296, 274 N. W. 273.

Even if we were to conclude that the strict conformity rule does not apply to the forfeiture provisions of an ordinance, we would be forced to find as a matter of law the excess of the forfeiture invalid because the amount of the forfeiture is excessive and unreasonable in view of the nature and the object of the ordinance. An ordinance should not carry a greater forfeiture than the penalty proscribed for the same act as a crime. Punishment for a crime whether by imprisonment or fine is an end in itself and has for its object punishment and the deterrent effect. Forfeiture for an ordinance violation is not a criminal penalty and cannot be justified on the ground of punishing people. In theory at least, forfeitures are to pay the cost of efficiently enforcing traffic ordinances and regulations. Thus the forfeitures for ordinance violations cannot be so high as to serve as a revenue producing device; at least, its primary purpose cannot be the raising of revenue in lieu of taxation. *Milwaukee v. Hoffmann* (1965), 29 Wis. 2d 193, 138 N. W. 2d 223.

McManus raises several other collateral issues. The ordinance is challenged as unconstitutional because it prevents a person from exercising his constitutional right to petition his government guaranteed by the first amendment of the United States Constitution and art. I, sec. 4 of the Wisconsin Constitution. We see no factual basis why public parking in a garage in the City-County Building is essential or necessary to the right to petition the government. No claim is made that McManus was petitioning the government while his car was parked in the forbidden space.

The ordinance is challenged as being impartial, unfair and unreasonable because it discriminates in favor of a special class. McManus claims there must be some stalls allocated to the public and not all allocated to public employees. We deem this argument to be without merit. The classification was made by the building commission pursuant to the ordinance under guidelines which we do not consider to be vague and uncertain. A classification allocating parking in the city-county garage during business hours based upon a priority of the necessary public services is reasonable. Certainly a squad car bringing an arrested person to the police station in the building should not have to look for a parking place. Not all city and county employees in the building are privileged to park in the garage. We see no present reason why some stalls must be reserved for the public when there are public parking places (metered, however) on the streets bounding the City-County Building.

The last argument of McManus relates to what he calls the public square doctrine and which is enunciated in *State v. Eastman* (1891), 109 N. C. 785, 13 S. E. 1019. He claims the thoroughfares are part of a public square and are not to be obstructed. By analogy, he erroneously considers the basement garage to be a public thoroughfare to the building although it has several public entrances at sidewalk level. Assuming the public square doctrine gave a citizen the right in horse and buggy days to park his horse and wagon in any road constituting a perimeter of the village square while on business in the courthouse, we do not think it follows that a citizen today can park his automotive horsepower in the basement of the courthouse.

*By the Court.*—The order of the trial court is modified to provide for a forfeiture of $40 instead of $100 and, as modified, is affirmed.