STATE, Appellant, vs. HAMLEY, Respondent.

*December 18, 1908—January 5, 1909.*

*Fines: Forfeiture: Civil actions: Criminal actions: Statutes.*

1. The authority to maintain a civil action for the recovery of a fine imposed by statute must be found, if at all, in sec. 3294, Stats. (1898), providing for the recovery of forfeitures by civil action.
2. Sec. 3294, Stats. (1898), in express terms excludes a "fine," and defines a forfeiture to be a penalty in money or goods "other than a fine;" and while the words "forfeiture," "fine," and "penalty" are often used interchangeably, a fine imposed as a punishment for the violation of a public statute of the state cannot be recovered in a civil action under sec. 3294, but the remedy is by a criminal prosecution in the name of the state.
3. There is a distinction between fines imposed for breaches of municipal ordinances and those imposed by statutes of the state.
4. While prosecutions for breaches of municipal ordinances are *quasi*-criminal, such breaches are not offenses against the state and therefore not punishable as such.
5. A criminal action is one prosecuted by the state against a person charged with a public offense committed in violation of a public law.
6. The word "fine" in sec. 3294, Stats. (1898), is used in the same sense as the same word is used in sec. 2, art. X, Const. It does not include those forfeitures, sometimes called fines, imposed by municipal corporations for violation of their ordinances.

APPEAL from a judgment of the circuit court for Green Lake county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This is a civil action commenced in the circuit court for

Green Lake county for the recovery of a fine imposed by sec. 8, ch. 305, Laws of 1905 (sec. 1636—54, Stats.: Supp. 1906), relating to the use of automobiles in public highways. Secs. 4 and 8 of this chapter read as follows:

"Sec. 4. Every person operating an automobile or other similar motor vehicle upon or along any of the public highways of this state shall upon a signal by putting up the hand, or other sign of distress, by a person riding or driving a horse or horses, which shall appear frightened, cause such automobile or other similar motor vehicle to stop all motor power and remain stationary, unless a movement forward shall be deemed necessary to avoid accident or injury, until such horse or horses appear to be under control; and shall if requested, assist such person or persons to pass such automobile or other similar motor vehicle in safety, it being the intent of this act that every reasonable precaution shall be exercised by the operator of any such automobile or other similar motor vehicle to prevent the frightening of such horse or horses and to prevent accident or injury. All motor power shall be stopped on any automobile or other similar motor vehicle while left unattended on the public highway."

"Sec. 8. Any person or persons who shall violate the provisions of sec. 1, 3, 5, and 6 of this act, except as provided in sec. 7, shall be punished by a fine of not less than ten dollars and not more than twenty-five dollars; any person or persons who shall violate the provisions of sec. 4 hereof shall be punished by a fine of not less than ten dollars nor more than fifty dollars."

When the action came on for trial the defendant objected to any evidence under the complaint on the ground that it did not state facts sufficient to constitute a cause of action, for the reason that a civil action for the recovery of the fine provided in sec. 8 would not lie, the proper action being a criminal prosecution. The court sustained the objection and ordered the action dismissed. Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by the *Attorney General* and *W. E. Cavanaugh,* district attorney, and oral argument by *Mr. Cavanaugh*

For the respondent there was a brief by *L. E. & Roy Reed,* and oral argument by *Roy Reed.*

Kerwin, J.   The question presented is whether a civil action for the recovery of a forfeiture can be maintained or whether the action should have been criminal.   The authority to maintain a civil action for the recovery of the fine imposed must be found, if at all, in sec. 3294, Stats. (1898), which reads:

"In all cases, not otherwise specially provided for by law, where a forfeiture shall be incurred by any person and the act or omission for which the same is imposed shall not also be a misdemeanor, such forfeiture may be sued for and recovered in a civil action.   When such act or omission is punishable by fine and imprisonment or by fine or imprisonment or is specially declared by law to be a misdemeanor it shall be deemed a misdemeanor within the meaning of this chapter.   The word forfeiture, as used in this chapter, shall include any penalty, in money or goods, other than a fine."

This section in express terms excludes a "fine," and defines a forfeiture to be a penalty in money or goods "other than a fine."   So it seems clear that the right to recover a fine imposed for the violation of a public law is not embraced within this section.   Counsel for appellant relies upon cases in this court, notably *State v. Grove,* 77 Wis. 448, 46 N. W. 532, where the fines were imposed under the provisions of municipal ordinances.   It will be seen, however, that a distinction is recognized under the authorities between fines imposed·for breaches of municipal ordinances and those imposed by statutes of the state.   *Stoltman v. Lake,* 124 Wis. 462, 102 N. W. 920; *Koch v. State,* 126 Wis. 470, 106 N. W. 531; *Oshkosh v. Schwartz,* 55 Wis. 483, 488, 13 N. W. 552; *State ex rel. Milwaukee v. Newman,* 96 Wis. 258, 71 N. W. 438; *Ogden v. Madison,* 111 Wis. 413, 87 N. W. 568.

While prosecutions for breaches of municipal ordinances are *quasi*-criminal, such breaches are not offenses against the

state and therefore not punishable as such. A criminal action is one prosecuted by the state against a person charged with a public offense committed in violation of a public law. *Koch v. State, supra,* and cases therein cited.

"The word 'fine' as used in sec. 3294 is used in the same sense as the same word in sec. 2, art. X, of the constitution. It does not include those forfeitures, sometimes called fines, imposed by municipal corporations for violating their ordinances." *Stoltman v. Lake,* 124 Wis. 462, 102 N. W. 920.

While the words "forfeiture," "fine," and "penalty" are often used interchangeably, yet a fine imposed as punishment for the violation of a public statute of the state cannot be recovered in a civil action under sec. 3294, Stats. (1898), but the remedy is by a criminal prosecution in the name of the state. It follows, therefore, that the judgment below was right and must be affirmed.

*By the Court.*—The judgment is affirmed.