## STATE v. LACEY MAY.

(Filed 29 October, 1924.)

**Gaming—Slot Machines.**

>   The State license issued for the operation of a slot machine is for one that is lawful, and does not permit the operation of one so devised as to give to the one who happens to strike certain mechanical combinations more of the merchandise than received at other times.

APPEAL by defendant from *Sinclair, J.,* at March Term, 1924, of ALAMANCE.

Criminal prosecution, tried upon an indictment charging the defendant with operating a slot machine, in violation of chapter 138, Public Laws 1923.

From an adverse verdict, and judgment pronounced thereon, the defendant appeals, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*John J. Henderson for defendant.*

STATE *v.* MAY.

STACY, J.   There is evidence on the record tending to show that the defendant, who runs a filling station near Burlington in Alamance County, and keeps a small stock of groceries, candies, etc., for sale at retail, had in his place of business a slot machine, which was operated by depositing a nickel, or five-cent piece, in the slot provided for receiving same, and for each coin dropped in the machine the operator received five one-cent packages of chewing gum.   The machine was so arranged that when certain combinations of designs upon three separately revolving wheels occurred, the operator would receive additional packages of chewing gum, varying from two to four in number and valued at five cents per package.   When certain other combinations of designs upon said revolving wheels occurred, the operator would receive metal discs, varying from four to eight in number and each worth five cents in trade at the defendant's place of business.   Every time the machine was operated, the person depositing the coin would receive five one-cent packages of chewing gum.   The defendant held a license from the State Revenue Department, showing that he had paid a tax for the privilege of operating a slot machine in his place of business.

The trial court instructed the jury that, upon the foregoing facts, if established beyond a reasonable doubt, the defendant would be guilty. The appeal presents the correctness of this ruling.

Of course, the license issued by the State Department of Revenue was a permit to operate a lawful slot machine and not an unlawful one. The distinction between the two is clearly pointed out in section 1, chapter 138, Public Laws 1923, the law under which the defendant has been indicted: "That it shall be unlawful for any person, firm or corporation to operate, keep in his possession or in the possession of any other person, firm or corporation, for the purpose of being operated, any slot machine that shall not produce for or give to the person who places coin or money, or the representative of either, the same return in market value each and every time such machine is operated by placing money or coin, or the representative of either, therein."

Under this section, a slot machine so operated that one putting into it a coin receives, in any event, the value of such coin in chewing gum, and stands to win by chance additional chewing gum or discs of commercial value without further payment, is condemned by the statute as being unlawful. *Lang v. Merwin,* 99 Me., 486.   But if the slot machine were so operated that one who puts in a coin receives the same return in market value each and every time such machine is operated, it would not then fall within the condemnation of the statute.   20 Cyc., 883.

The case at bar clearly constitutes a violation of the statute, which is made a misdemeanor, and the court was correct in its charge.

No error.