CITY OF MILWAUKEE, Appellant, vs. JOHNSON, Respondent.

*March 11—April 5, 1927.*

*Municipal corporations: Prosecutions under ordinances: Civil or criminal nature of proceeding: Review by appeal or writ of error: Prohibiting possession of gambling devices: Principles applicable in determining whether device permits gambling: Ordinance punishing violation by imprisonment: Validity: Penal provision severable from ordinance: Courts: Rules of procedure.*

1. In prosecutions under city ordinances to collect a penalty or forfeiture imposed for violations thereof, the nature of the relief sought, and not the possibility that some other proceeding may be brought based on the same act or omission, is the test by which to determine whether the proceeding is civil or *quasi*-criminal in its nature. p. 589.

2. The fact that a proceeding under an ordinance may be begun by a warrant and a complaint under oath does not make the proceeding criminal in its nature. Nor does the fact that the prosecution may be in the name of the city, or even of the state, change the nature of the action. p. 589.

3. The fact that the ordinance provides punishment for the offense by a fine does not necessarily lead to the conclusion that the offense is criminal or *quasi*-criminal in its nature,—the term "punished by fine" implying a mere forfeiture or penalty collectible by a civil action in the name of the city. p. 589.

4. The same act may subject one to a penalty under a city ordinance and also to a criminal prosecution; but the two are distinct in legal character both as to the nature of the offense and the jurisdiction offended against.  p. 590.

5. An offense under an ordinance prohibiting the keeping, owning, or operating of any gambling device is not the same as that under statutes prohibiting gambling; and a prosecution under a city ordinance does not bar a prosecution for. the same offense under a state statute or under the common law.  p. 590.

6. All proceedings to collect penalties under municipal ordinances shall be treated as civil actions, which may be brought to the supreme court for review by appeal, regardless of whether the act complained of might also be the basis of a criminal prosecution.  p. 590.

7. Where the defendant, prosecuted for violating an ordinance prohibiting the keeping, owning, or operating of any gambling device, proceeded in the municipal court on the theory that the action was a civil action, he could not be prejudiced by considering that the proceeding was such.  p. 590.

8. Defendant could not tax his costs in a proceeding for the violation of a municipal ordinance if it were *quasi*-criminal in its nature.  p. 591.

9. Rules of practice and procedure which are not essential to protect property rights or the substantial rights of litigants must give way to rules which will not impede the progress of justice; and courts must regard substance and not form when passing upon rules of practice and procedure, sanctioning those rules which promote the speedy determination of the rights of the parties.  p. 591.

10. Sec. 288.01, Stats., relating to prosecutions for punishment of crimes and misdemeanors under the statutes or the common law, does not include penalties imposed for a violation of municipal ordinances; forfeitures imposed by municipal ordinances being dealt with by sec. 288.10.  p. 591.

11. The court may, as a means of enforcing payment of a fine or forfeiture for the violation of a municipal ordinance, direct that defendant be imprisoned until payment is made, but not to exceed a fixed maximum period of time, which is in the nature of an execution against the body of the offender rather than the imposition of imprisonment as a punishment for the violation of the ordinance.  p. 592.

12. The provision imposing imprisonment as a penalty for a violation of the ordinance was severable from the remainder, and did not render the entire ordinance void.  p. 592.

13. A machine whereby a player depositing five cents in a slot was entitled to a package of mints and a chance of obtaining two

to twenty trade chips on the succeeding play was a gambling device within the meaning of the ordinance.   pp. 592, 593.

14. The principles of law applicable in determining whether a slot machine is a gambling device are the same whether the use of the machine is prohibited by statute or by a municipal ordinance.   p. 594.

APPEAL from a judgment of the municipal court of Milwaukee county: GEORGE A. SHAUGHNESSY, Judge.   *Reversed.*

*Merrill L. Johnson* was found guilty in the district court of Milwaukee county of violating an ordinance of the city of *Milwaukee* prohibiting the keeping, owning, or operating of any gambling device.   Upon an appeal to the municipal court of Milwaukee county this conviction was set aside. The city of *Milwaukee* appealed from the judgment discharging *Merrill L. Johnson.*

The charter of the city of *Milwaukee* confers upon the city the power to enact ordinances "to restrain or prohibit all descriptions of gaming . . . and . . . games of chance." Pursuant to that grant of power the city enacted an ordinance prohibiting the keeping, owning, or operating of any slot machine or other device into which money is played or paid upon chance or upon the result of the action of any such slot machine or other device.   The ordinance provided that any one who violated its provisions should be punished by fine or by imprisonment or by both such fine and imprisonment.

The defendant *Johnson* had in operation in his place of business a machine with a slot into which the player inserted a five-cent piece.   When the player pulled a lever a series of revolving discs was set in motion.   When these discs ceased to revolve the machine indicated through an opening the number of checks worth five cents in trade which the player would receive if he played the machine again.   At the end of each play the player by pulling another lever secured a package of mints.   If the player failed to pull this second

lever after placing the nickel in the slot, he forfeited his right to secure the mints upon that play. The checks secured by playing the machine could also be used to play the machine in place of nickels, but the machine was so constructed that the player secured no mints when he played the machine with these checks in place of the five-cent piece.

For the appellant there was a brief by *John M. Niven,* city attorney, and *Elmer H. Groth,* assistant city attorney,˙ and oral argument by *Mr. Groth.*

*Arthur R. Barry* of Milwaukee, for the respondent.

STEVENS, J.   (1) A preliminary question of procedure is presented.   The city appealed from the judgment of the municipal court.   The defendant contends that the action is *quasi*-criminal in its nature and that therefore it must be brought to this court by writ of error and not by appeal. This contention finds support in some of the earlier cases in this court.   These cases hold that, where a city by ordinance prohibits that which is a crime or misdemeanor and punishable as such at common law or by statute, the action to recover the fine or penalty imposed by the ordinance is *quasi*-criminal in its nature and that it can be brought to this court only by writ of error. ˗ *Boscobel v. Bugbee,* 41 Wis. 59, 64; *Platteville v. McKernan,* 54 Wis. 487, 489, 11 N. W. 798; *State ex rel. Hamilton v. Municipal Court,* 89 Wis. 358, 361, 61 N. W. 1100.

In the cases just cited the nature of a proceeding to collect a fine or forfeiture under a municipal ordinance was determined entirely by the question whether the act prohibited by ordinance could also be punished as a crime or a misdemeanor in a criminal proceeding which was wholly outside of and entirely independent of and separate from the proceeding under the ordinance.   Under the rule adopted in these earlier cases, when the act which violated the city ordinance was not punishable either under the common law

or by statute the proceeding under the city ordinance was held to be a civil action. *Oshkosh v. Schwartz,* 55 Wis. 483, 488, 13 N. W. 552.

It is difficult to understand how the nature of the action under the ordinance can be made to depend wholly on the fact that the act complained of can be made the basis of a criminal action. The nature of the action under the ordinance should be determined by the proceeding itself, not by the fact that the offender may be subject to punishment in some other proceeding or in some other court because of the act which is alleged to be in violation of the ordinance.

In all prosecutions under city ordinances the object of the proceeding is the same,—to collect the penalty or forfeiture which has been imposed by the ordinance. The nature of the relief sought, and not the possibility that some other proceeding may be brought which is based upon the same act or omission, should be the test by which to determine whether the proceeding under the ordinance is civil or *quasi*-criminal in its nature.

The fact that the proceeding under the ordinance may be begun by a warrant and a complaint under oath does not make the proceeding criminal in its nature. Under the charter of the city of *Milwaukee* and under established rules of law "The prosecution were at liberty to proceed by summons *without oath,* or by warrant *with oath.* But the mere form in which the suit is commenced cannot change the nature of the offense." *Oshkosh v. Schwartz,* 55 Wis. 483, 486, 13 N. W. 552. The fact that the prosecution may be in the name of the city, or even of the state, does not change the nature of the action. *Olson v. Hawkins,* 135 Wis. 394, 399, 116 N. W. 18; *Chafin v. Waukesha County,* 62 Wis. 463, 468, 22 N. W. 732.

The fact that the ordinance provides that the offense "shall be punished by a fine" does not necessarily lead to the conclusion that the offense is criminal or *quasi*-criminal in

its nature. When used in a city ordinance the term "punishable by fine" "implies a mere forfeiture or penalty collectible by civil action in the name of the city, in which case the city has the right of appeal." *Milwaukee v. Ruplinger,* 155 Wis. 391, 395, 145 N. W. 42. "A distinction is recognized under the authorities between fines imposed for breaches of municipal ordinances and those imposed by statutes of the state." *State v. Hamley,* 137 Wis. 458, 460, 119 N. W. 114. The same act may subject one to a penalty under an ordinance and also to a criminal prosecution. But the two are distinct in their legal character, both as to the nature and quality of the offenses and the jurisdiction offended against. The offense under the ordinance here in question is not the same as that under the statutes which prohibit gambling.

The later cases criticise the earlier decisions which hold that a proceeding under a city ordinance is a *quasi*-criminal prosecution in all cases where the same act is punishable as a crime or a misdemeanor. In *Ogden v. Madison,* 111 Wis. 413, 429, 87 N. W. 568, this court said of one of these earlier decisions that it seems to assume that an act "contrary to a city ordinance rose to the grade of a misdemeanor for no other reason than that it was also forbidden by the state law. Why this conclusion should follow is not pointed out. It is, as we have seen, contrary to the great weight of authority, and, followed to its logical result, would so blend the two offenses that a prosecution for one would be a bar to a prosecution for the other." No rule is better settled in Wisconsin than that a prosecution under a city ordinance does not bar a prosecution for the same act under a state statute or under the common law.

The court is satisfied that a distinction which is based upon such technical and illogical grounds ought no longer to be given judicial sanction. The court therefore adopts the rule that all proceedings to collect penalties under municipal ordinances shall be treated as civil actions which may be

brought to this court for review by appeal, regardless of whether the act complained of might also be the basis of a criminal prosecution. At most this rule has been one of procedure, not affecting the substantial rights of the parties. If defendant's objection should be sustained, it would mean that a matter which has been fully presented on the merits must go back to allow the city to sue out the writ of error, when both parties would be put to the trouble and expense of again presenting the same questions to this court which have now been fully presented and considered by the court. The defendant is in no way prejudiced by such determination. He proceeded in the municipal court on the theory that this was a civil action, as is shown by the fact that he taxed his costs in that court,—a right which he would not have possessed if this had been a proceeding which was *quasi-criminal* in its nature.

Rules of practice and procedure which are not essential to protect property rights or the substantial rights of litigants must give way to rules which will not impede the progress of justice. Courts must ever regard substance and not be controlled by mere matters of form when passing upon rules of practice and procedure. Those rules must be given judicial sanction which promote the speedy determination of the rights of the parties, provided always that the rules that are approved by the court are such as will protect the substantial rights of persons and of property. The rule upon which the defendant relies is based upon a purely technical distinction which does not exist in fact. Its only effect is to hinder and delay the courts in the administration of justice. It is no longer entitled to judicial sanction.

(2) Sec. 288.01 of the Statutes does not apply to this case. The word "fine" as used in this section does not include penalties imposed for the violation of municipal ordinances. *Ogden v. Madison,* 111 Wis. 413, 421, 87 N. W. 568; *State v. Hamley,* 137 Wis. 458, 461, 119 N. W. 114.

This section relates to prosecutions for the punishment of crimes and misdemeanors under the statutes or the common law.    Sec. 288.10 of the Statutes is the section which deals with forfeitures imposed by municipal ordinances.

(3) Counsel for the city concedes that *Milwaukee* had no power to pass an ordinance prohibiting gambling which imposed imprisonment as a penalty for the violation of the ordinance.    For the purpose of this appeal the court will assume, without deciding that question, that no such power was possessed by the city of *Milwaukee*.    But very clearly the court had the power as a means of enforcing the payment of the fine or forfeiture imposed to direct that the defendant be imprisoned until payment is made, but not to exceed a fixed maximum period of time.    This imprisonment is in the nature of an execution against the body of the offender rather than the imposition of imprisonment as a punishment for the violation of the ordinance.

An examination of the ordinance satisfies the court that the insertion of the provision imposing imprisonment as a penalty for a violation of the ordinance did not invalidate the entire ordinance.    This provision is distinct and severable from the rest of the ordinance.    If it is eliminated the rest of the ordinance presents a complete and consistent plan for the suppression of gambling in the city of *Milwaukee*.    The provision for punishment by imprisonment was very clearly not the inducement that led the common council to pass the ordinance.    We cannot think that the matter of imprisonment was deemed so important by the common council that it would not have passed the ordinance if this provision had not been included therein.    It follows that the court cannot hold the entire ordinance invalid.    *Brittingham & Hixon L. Co. v. Sparta*, 157 Wis. 345, 352, 147 N. W. 635.

(4) An examination of the machine which is an exhibit in the case and an observation of its operation leaves no doubt in the mind of the court that it is a device which comes

within the express prohibition of the ordinance in that it is a slot machine into which money is played upon chance or upon the result of the action of such machine. The defendant contends that the machine is not a gambling device which violates the provisions of the ordinance here in question because every player who deposits five cents in the slot is entitled to receive mints vended by the machine which are alleged to equal the value of the nickel deposited in the machine. If this were the whole story there would be much force to this contention. But the fact is that the player not only receives a package of mints but he also has the chance of placing himself in a position where his next succeeding play will assure him of a return of several times the value of his five-cent piece. It is this chance of receiving something for nothing which appeals to the cupidity of human nature and to the gambling instinct possessed by human beings. The machine is so designed as to induce the player to deposit his coin for the purpose of ascertaining what he will receive in return for coins thereafter deposited. It is this element of chance involved in the second operation of the machine that is the soul of the transaction which attracts the player and makes the machine a gambling device.

The machine is undoubtedly a perfection of invention which attempts to conceal its true purpose. But the fact remains that it attractively ministers to the gambling instinct the same as any other slot machine. If this were not true it would not entice the player. If the machine in each case returned five cents to the player either in cash or in checks good for merchandise and gave the player no opportunity to secure something for nothing, no one would play the machine and the makers of the machine would never have gone to the expense of perfecting and manufacturing this complicated and costly mechanism.

The machine makes an appeal to the gambling instinct because the player has constantly before him the chance that

the next play will assure him of the right on the next succeeding play to secure from two to twenty trade checks. Were it not for this appeal to the gambling instinct these machines which attempt to adhere to the letter of the law while violating its spirit would never have been placed upon the market.

Without exception, so far as the court has been able to ascertain, every jurisdiction which has had occasion to pass upon the question has held that slot machines which are operated in the same manner as the one here in question are gambling devices whose operation is contrary to law. *Sheetz v. State,* 156 Ark. 255, 257, 245 S. W. 815, 816; *Alexander v. Atlanta,* 13 Ga. App. 354, 355, 79 S. E. 177, 178; *Meyer v. State,* 112 Ga. 20, 22, 37 S. E. 96, 97; *Ferguson v. Indiana,* 178 Ind. 568, 99 N. E. 806, 42 L. R. A. N. S. 720, 721, 722; *Crippen v. Mint Sales Co.* 139 Miss. 87, 91, 103 South. 503, 504; *Moberly v. Deskin,* 169 Mo. App. 672, 679, 155 S. W. 842, 844; *Zaft v. Milton,* 96 N. J. Eq. 576, 579, 126 Atl. 29, 31; *Pure Mint Co. v. LaBarre,* 96 N. J. Eq. 186, 188, 125 Atl. 105, 106; *People ex rel. Verchereau v. Jenkins,* 153 App. Div. 512, 138 N. Y. Supp. 449; *State v. May,* 188 N. C. 470, 125 S. E. 9; *Gardner v. Daugherty,* 10 Fed. (2d) 373.

We fully concur in the reasons advanced in these cases for holding that such machines are gambling devices. The principles of law applicable in determining whether a slot machine is a gambling device are the same whether the use of a machine is prohibited by statute or by municipal ordinance.

*By the Court.*—The judgment of the municipal court is reversed, and the cause remanded with directions to affirm the judgment of the district court.