STATE EX REL. KEEFE, District Attorney, Appellant, vs.
SCHMIEGE, Municipal Judge, Respondent.

*February 24—June 12, 1947.*

*Arlo McKinnon* of Milwaukee, special prosecutor, for the appellant.

For the respondent there were briefs by *Reilly & Cosgrove* of Fond du Lac, and oral argument by *F. W. Cosgrove*.

A brief was filed by the *Attorney General* and *William A. Platz,* assistant attorney general, as *amici curiæ.*

FAIRCHILD, J.  When the matter was first presented here, the point raised by the county was that because this is a prosecution for the violation of an ordinance and because there was no provision or requirement in the ordinance itself for a jury trial, the proceedings must be summary and therefore the circuit court was in error in denying the petition of the district attorney.

The ordinance in question provided as follows:

"Section two—*Operation by intoxicated persons or users of narcotic drugs prohibited.*   It shall be unlawful for any person . . . who is under the influence of intoxicating liquor or narcotic drugs, to operate any vehicle upon any highway. . . .

"Section three—*Penalty.*   Any person violating any of the provisions of section two or three of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof, in addition to any other penalty provided by law, shall be punished by a fine of not to exceed $100 or by imprisonment in the county jail for not more than six months, or by both such fine and imprisonment. . . ."

That ordinance was passed in November, 1941, and was therefore controlled by secs. 85.84 and 59.07 (11), Stats. 1941, which contain the following pertinent provisions:

Sec. 85 84, Stats. 1941:

"No local authority shall have power to enact, pass, enforce or maintain any ordinance, resolution, rule or regulation requiring local registration or other requirements inconsistent

with the provisions of this chapter, or in any manner excluding or prohibiting any motor vehicle, trailer, or semitrailer, whose owner has complied with the provisions of this chapter, from the free use of all highways except as provided by section 66.45; but the provisions of this section . . . shall not prohibit any local authority from passing any ordinance, resolution, rule or regulation in strict conformity with the provisions of this chapter and imposing the same penalty for a violation of any of its provisions, except the suspension or revocation of motor-vehicle operator's licenses."

Sec. 59.07 (11), Stats. 1941:

"The county board of each county is empowered at any legal meeting to . . . enact ordinances or by-laws regulating traffic of all kinds on any highway, except street or interurban railways, in the county which is maintained at the expense of the county and state, or either thereof; declare and impose forfeitures, and enforce the same against any person for any violation of such ordinances or by-laws; provide fully the manner in which forfeiture shall be collected; and provide for the policing of such highways and to provide for what purposes all forfeitures collected shall be used."

After briefs were submitted, a question arose as to the power of the county to declare an act a misdemeanor and as to the validity of the ordinance under which the prosecution was undertaken. Certain questions for discussion were presented to the parties and requests were made for briefs from anyone interested in the questions raised. Those briefs were filed in this court by May 26, 1947. The questions raised were as follows: First, sec. 85.84, Stats., purports to confer upon the county board the power by ordinance to (a) declare an act a misdemeanor (b) impose a penalty of fine, fine and imprisonment, or imprisonment. May the legislature lawfully confer such power upon a county board? Second, since the county board, under the amendment of 1943, must enact an ordinance in strict conformity with the provisions of the chapter, including those relating to penalty, may the county board omit im-

prisonment from the penalty provision of the ordinance? If it may not, can this court treat provisions in the ordinance for punishment by imprisonment as separable from the balance of the ordinance?

At the time these briefs were considered, secs. 62.23 (7) (f) and 66.05 (10) (m), Stats., came to our attention. While they are not directly involved here, they do use the term "misdemeanor" with relation to ordinances. We have had them in mind as we considered the issues here presented by both sets of briefs. We have reached the conclusion that the legislature does not have the authority to confer upon a county board the power to enact by ordinance a rule determining that a violation of a local ordinance shall be a misdemeanor. Since the county board had no power to enact a rule declaring drunken driving to be a misdemeanor, that feature of this ordinance, being inseparable from the rest, makes the ordinance invalid.

At the time the ordinance in question was passed, Winnebago county clearly had authority under sec. 59.07 (11), Stats., to enact ordinances regulating local traffic and punishable by a forfeiture. It is claimed that sec. 85.84, Stats. 1941, gave the county power to term the violation a misdemeanor and to provide for punishment by imprisonment inasmuch as it provided that no local authority was prohibited from passing an ordinance in strict conformity with and imposing the same penalties as the state motor-vehicle law. Since sec. 85.91 (3), in setting forth the state law pertaining to penalties for drunken driving, provided that a violation of the act would be a misdemeanor and punishable by fine, imprisonment, or both, it is argued that the "strict conformity" provision of 85.84 granted the county board power to do what was done here.

The language of sec. 85.84, Stats., as it was in 1941, although not prohibiting any local authority from passing ordinances in strict conformity with the state law, did not grant to local authorities the power they did not otherwise have to declare a violation of an ordinance to be a crime and to provide

for imprisonment as a punishment. That section was later amended, however, so that it now contains an affirmative grant of power to local authorities to pass regulations in strict conformity with the provisions of the state law. See sec. 85.84, Stats. 1943. It is argued that the subsequent adoption of that amendment is persuasive of the validity of the county's present ordinance.

Sec. 85.84, Stats., must be held to be invalid in so far as it attempts to grant to the municipal or county authorities the power to treat the violation of an ordinance as a misdemeanor and to impose penalties other than forfeitures and imprisonment necessary for the enforcement of the forfeitures.

By definition long antedating the constitution of this state, a crime has been defined as an offense against the sovereign and a criminal action "one prosecuted by the state against a person charged with a public offense committed in violation of a public law." *State v. Hamley*, 137 Wis. 458, 461, 119 N. W. 114. Although not independently material, this is recognized by sec. 260.05, Stats., which provides: "Actions are of two kinds, civil and criminal. A criminal action is prosecuted by the state against a person charged with a public offense, for the punishment thereof. Every other is a civil action." A county is not a sovereign, and to permit it to create a crime is to raise it to the dignity of a sovereign. It is true that sec. 22, art. IV, Const., provides:

"The legislature may confer upon the boards of supervisors of the several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe."

We shall not unduly extend this opinion by speculating whether this section authorizes the delegation by the legislature of essentially sovereign powers because the delegation of such powers is to the counties as state agencies and falls far short of making sovereign states out of counties. The sov-

ereign alone can create a crime. A misdemeanor is a crime (*State v. Slowe,* 230 Wis. 406, 284 N. W. 4), and since sec. 85.84, Stats., delegates to the counties power to create a crime, it is void as an attempt to confer sovereignty upon the counties. On the other hand, the legislature may confer upon the boards of supervisors power to create civil actions to recover fines for the violation of county ordinances. This is the power of a "local, legislative and administrative character" referred to by sec. 22, art. IV, Const. As an adjunct to punishment by fine, "not as a part of the punishment, strictly speaking, but as a means of enforcing payment of the fine and costs—that is, of making the element of punishment effective" (*Starry v. State,* 115 Wis. 50, 53, 90 N. W. 1014), the legislature may authorize the imprisonment of defendants in such civil action in case of failure to pay fines imposed. This process of collecting fines is analogous to the body execution in the case of torts, is of ancient origin, antedates the constitution and is of undoubted validity. To authorize imprisonment in a civil action created by a county for violation of an ordinance as a punishment and not as a mere device to enforce collection of a fine cannot be sustained, (1) because, viewed as an attempt to authorize the creation of a crime, it is void for reasons heretofore discussed, or (2) because, viewed as prescribing imprisonment as a punishment in a civil action and not to make effective the imposition of a fine, it violates sec. 2, art. I, of the constitution which provides:

"There shall be neither slavery, nor involuntary servitude in this state, otherwise than for the punishment of crime, whereof the party shall have been duly convicted."

In our examination of the authorities we have discovered only two that are seemingly contrary to the position here taken, although each case had to do with the validity of a statute passed under the home-rule amendment. These are *Hack v. Mineral Point,* 203 Wis. 215, 233 N. W. 82, and *Janesville v.*

*Heiser,* 210 Wis. 526, 246 N. W. 701. After a careful reconsideration, we are of the view that the doctrine of these cases cannot be maintained and that the power cannot be granted cities and counties to use imprisonment other than for the purpose of collecting or enforcing the collection of a fine. Nothing in this opinion is to be taken as in any way casting doubt upon the power of the legislature to vest in a county board or municipal council power to provide for the good order of the community by enacting ordinances regulating local affairs, provided there is not included the power in either to create crimes and impose criminal punishments. Under such a grant of power the county or municipal government may enact ordinances prohibiting some of the very acts already prohibited by state law, and in such a case there may be a prosecution under the state law as and for a crime and a civil action under the local ordinances for the recovery of a fine. Prosecution under the state law is a criminal action, the other a civil action, and the result in the one does not bar the prosecution of the other. *Ogden v. Madison,* 111 Wis. 413, 87 N. W. 568.

For the reasons we have advanced, that portion of the Winnebago county ordinance declaring drunken driving to be a misdemeanor and imposing punishment by fine, imprisonment, or both, is invalid. Whether that portion of the ordinance is severable from the rest so as to permit the enforcement of the rest as a valid regulation, is the next problem to be considered. The ordinance specifically provides for a penalty to be imposed "upon conviction thereof." Were the excessive and unauthorized punishment provisions for imprisonment all there were to test interpretation, the rule of such cases as *Milwaukee v. Johnson,* 192 Wis. 585, 213 N. W. 335, might apply, and the objectionable provisions separated so as to leave the valid portions of the ordinance unaffected. But that is not the type of an enactment we are dealing with. Here the application of the provisions for punishment is made to depend on the defendant's being convicted of the misdemeanor. The

punishment provisions and the declaration that a violation of the ordinance is a misdemeanor are so closely connected as to be incapable of severance. The court cannot rewrite the ordinance. Taken together, the idea of crime and of punishment by imprisonment indicate an attempt on the part of the county to enact a criminal statute. That is a power the county cannot have, and the ordinance must therefore be held to be invalid.

We agree with the learned trial judge that before this defendant could be held to be guilty of a misdemeanor he would be entitled to a jury trial if he desired it. The ordinance is invalid. If there is a prosecution for the commission of a misdemeanor, it will have to be in the name of the state under the statutes of the state.

*By the Court.*—The order and judgment are reversed, with directions to grant the petition for a writ of prohibition.