CITY OF WAUKESHA, Respondent, vs. STATHAS, Appellant.

*May 4—June 7, 1949.*

The cause was submitted for the appellant on the brief of *Russell J. Greb,* attorney, and *Ray J. Aiken* of counsel, both of Waukesha, and for the respondent on the brief of *Richard S. Hippenmeyer,* city attorney.

FRITZ, J.    On this appeal defendant's principal contentions are:

1.  That, as section 1 of the city ordinance in question adopts by general reference "the provisions of chapter 176 of the Wisconsin statutes . . . and also all acts amendatory thereof and supplementary thereto, relating to the sale of intoxicating liquors, . . . . so far as applicable," without further specification or exception, such section is wholly void as an attempt on the part of the city to enact a series of crimes.

2.  That the inclusion in such ordinance of a broad severability clause does not permit a court to sever from the lan-

guage of sec. 176.30 (1), Stats., (adopted into the ordinance by reference) constitutionally offensive penalty provisions contained therein, so as to leave an enforceable ordinance prohibiting the procurement of intoxicating liquor for a minor.

3. That the ordinance is void for indefiniteness.

The provisions in the ordinance (so far as here material) read:

"Section 1. The provisions of chapter 176 of the Wisconsin statutes being chapter 13 of the Laws of the Special Session of 1933, and also all acts amendatory thereof and supplementary thereto, relating to the sale of intoxicating liquors, are adopted as a portion of this ordinance so far as applicable, except as otherwise lawfully provided by city ordinance."

"Section 15. *Penalty.* Any person who himself or itself or by his or its agent or employee shall violate any of the provisions of this ordinance shall upon conviction thereof be punished as follows: (a) If for a violation of any provision enacted by reference, by a penalty the same as provided by statute."

"Section 16. *Severability Clause.* If any section, subsection, sentence, clause or phrase of this ordinance is for any reason, held to be invalid, such decision shall not affect the validity of the remaining portions of this ordinance. The common council hereby declares that it would have passed this ordinance and each section, subsection, clause and phrase thereof irrespective of the fact that any one or more sections, subsections, sentences, clauses and phrases be declared unconstitutional."

The provisions in ch. 176, Stats., which defendant was charged with violating and which were adopted by reference in the ordinance in question, read:

"176.30 (1). Any keeper of any place of any name whatsoever for the sale of any intoxicating liquors who shall sell, vend or in any way deal or traffic in, or for the purpose of evading any law of this state relating to the sale of liquors, give away any such liquors in any quantity whatsoever to or with a minor, or to any person intoxicated or bordering on a state of intoxication, and any person whatever who shall pro-

cure for, or sell, or give away, to any minor, whether upon the written order of the parents or guardian of such minor or in any other manner whatsoever, or to any intoxicated person, any such liquors shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail or house of correction not to exceed sixty days, or by both such fine and imprisonment."

By reason of the provision in that statute which provides for punishment, in addition to or as an alternative to a fine "of not less than one hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail or house of correction not to exceed sixty days, or by both such fine and imprisonment," and likewise by reason of the above-quoted provisions in section 15, and particularly section 15 (a) of said ordinance, that upon the conviction of any person for the violation of any of the provisions of said statute "enacted by reference" in said ordinance, the city's attempted adoption thereof by reference in section 1 of said ordinance is void because it was beyond the power of the city to provide for such imprisonment for such violation in addition to or as an alternative to a fine. *State ex rel. Keefe v. Schmiege,* 251 Wis. 79, 28 N. W. (2d) 345.

By the language used in many of the sections and subsections in ch. 176, Stats., in defining the offenses described therein, that the violators thereof "shall be guilty of a felony" or "shall be guilty of a misdemeanor," as the case may be, most of the offenses defined in that chapter are criminal in nature. Consequently, upon the adoption thereof by reference in the city ordinance as a portion of said ordinance without any express and specific reservation, those provisions are inapplicable and void because it is beyond the power of the city to create crimes and provide for the punishment thereof which is prescribed for many of the crimes defined in ch. 176, Stats., —including the particular offense which the court found the defendant herein committed.

The extraordinarily broad terms of the severability clause in section 16 of the ordinance do not permit a court to sever from the language in sec. 176.30 (1), Stats., the above-stated constitutionally invalid penalty provisions so as to leave an enforceable or valid ordinance prohibiting the procurement of intoxicating liquor for a minor as provided in sec. 176.30 (1). The provisions therein which are adopted by reference in the city ordinance and which provide that, "any person whatever who shall procure for . . . any minor [intoxicating liquor] shall be punished by fine . . . or by imprisonment . . . not to exceed sixty days, or by both such fine and imprisonment," are so closely connected as to be incapable of severance; and consequently do not admit of the deletion by severance of the statutory penalty prescribing punishment by a fine or imprisonment or by both such fine and imprisonment. *State ex rel. Keefe v. Schmiege, supra,* p. 86. Moreover, if such deletion were permissible there would be such indefiniteness in that respect that the ordinance would virtually be unenforceable and void. *State v. Arnold,* 217 Wis. 340, 258 N. W. 843; *Frank v. Kluchesky,* 237 Wis. 510, 514, 297 N. W. 399; *Connally v. General Construction Co.* 269 U. S. 385, 46 Sup. Ct. 126, 70 L. Ed. 322; *Lanzetta v. New Jersey,* 306 U. S. 451, 59 Sup. Ct. 618, 83 L. Ed. 888.

*By the Court.*—Judgment reversed and cause remanded with directions to dismiss the complaint.