CHARLES DUNN, JR., Plaintiff Below, Appellant, v. MAYOR AND COUNCIL OF CITY OF WILMINGTON, Defendant Below, Appellee.

(*March* 25, 1966)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*Oliver V. Suddard* and *Richard Allen Paul,* of Wise & Suddard, for plaintiff below, appellant.

*Stephen B. Potter,* Asst. City Sol., for defendant below, appellee.

Supreme Court of the State of Delaware, No. 76, 1965.

HERRMANN, Justice.

The question posed by the appellant is this: May the Mayor and Council of Wilmington enact, and the Municipal Court of Wilmington enforce, an ordinance creating a crime for which imprisonment may be the penalty, other than for default of payment of a fine?

The appellant was charged in the Municipal Court of Wilmington with violation of the Ordinance, enacted by the Mayor and Council of Wilmington, creating the criminal offense of disorderly conduct within the City limits and providing a penalty of fine or imprisonment, or both. The appellant appeared with counsel and entered a plea of guilty. He was thereupon sentenced to imprisonment for a period of 30 days. Certiorari proceedings were instituted in the Superior Court on the ground that the Municipal Court lacked jurisdiction to impose a prison sentence for violation of any City ordinance, except for failure to pay a fine. The Superior Court upheld the judgment of the Municipal Court [212 A.2d 596] and this appeal followed.

The appellant puts his appeal on three grounds:

First, the appellant attacks the constitutionality of the Ordinance and the sentence by pointing (a) to the Thirteenth Amendment of the Federal Constitution which prohibits involuntary

servitude except as punishment for "crime," and (b) to 11 *Del. C.* Sec. 101(a) which defines a "crime," within the meaning of that Title, as an "act or omission forbidden by a statute of this State or indictable at common law." Obviously, this argument is without merit. The definition of a "crime" within the meaning of the Code does not limit the definition of the word within the meaning of the Thirteenth Amendment. As is concluded here, the power to create a "crime" has been vested in the Mayor and Council of Wilmington, under certain circumstances, and the requirements of the Thirteenth Amendment are fulfilled by conviction and punishment for such "crime."

Secondly, the appellant points out that the Mayor and Council of Wilmington has only such power as may have been delegated to it by the General Assembly, expressly or by necessary implication [*Wright v. Husbands,* 36 Del. Ch.416, 131 A.2d 322(1957)] ; and—so the argument goes—there has been no delegation empowering the municipality to create any criminal offense for which a prison sentence may be imposed in the first instance. We disagree. We find delegation of the power by necessary implication in Section 31 of the City Charter of 1883[1] (17 Del. Laws, Chap. 207, p. 436 ) which empowers the City Council generally "to do all those matters and things for the well being of the said city which shall not be in contravention of any existing laws of this State or the constitution thereof." Compare in re Guerrero, 69 Cal. 88, 10 P. 261 (1886). It has not been shown that the Ordinance here involved is in contravention of any existing law of the State. On the contrary, the Ordinance outlawing disorderly conduct within the City seems to fit nicely into the pattern formed by State law (11 *Del. C.* Sec. 471) creating the offense of, and providing the penalty for, disorderly conduct "in any public place within this State and outside the limits of any incorporated city or town."

---

[1] The 1883 Charter was in force and effect when the instant sentence was imposed in 1964. Since then, the current Charter of Wilmington has been enacted under the Home Rule Statute (22 *Del. C.* Chap. 8). It is noteworthy that, by virtue of 22 *Del. C.* Sec. 802, the City is permitted to assume, under its new Home Rule Charter, "all powers which, under the Constitution of this State, it would be competent for the General Assembly to grant by specific enumeration and which are not denied by Statute."

Likewise, it has not been shown that the subject Ordinance is in contravention of any constitutional limitation. This brings us to the appellant's third contention that such delegation, if found to exist under the 1883 Charter, was an unlawful delegation by the Legislature of its police power, citing State ex rel. *Keefe v. Schmiege,* 251 Wis. 79, 28 N.W.2d 345, 174 A.L.R. 1338 (1947). In that case, the Wisconsin Supreme Court held that a statute, conferring upon county authorities the power to enact and enforce ordinances governing the operation of motor vehicles, was invalid as an unlawful delegation of legislative power insofar as it purported to confer the power to treat a violation as a misdemeanor for which imprisonment could be imposed in the first instance. The Court there concluded that the power to prescribe imprisonment may not be granted to cities or counties by the Legislature except for the purpose of implementing the collection of a fine which was deemed to be a civil action.

The *Keefe* case appears to stand alone. The time-honored rule is that the legislature may validly delegate to a municipal government, *pro tempore,* the exercise of police power within its boundaries, including the power to enact ordinances, consistent with State law, which create crimes and impose the punishment of imprisonment.[2] Before the *Keefe* case, it appears that the authorities were uniformly agreed upon that principle, Annotation, 174 A.L.R. 1343; and since *Keefe,* it appears that there has been little contrariety of judicial opinion about the correctness of the prevailing rule. See *Commonwealth v. Cabell,* 199 Pa. Super. 513, 185 A.2d 611, 614 (1962). We find the *Keefe* case unpersuasive.

Finding no merit in any of the appellant's contentions, the judgment below is affirmed.

---

[2] It is noteworthy that the grant of power under the Home Rule Statute expressly excluded (22 *Del. C.* Sec. 802) the "power to define and provide for the punishment of a felony." The Code elsewhere provides that a felony is any crime or offense specifically designated as such by law. 11 *Del. C.* Sec. 101(b).