GLENN L. HENRY, Corporation Counsel, Dane County
You request my opinion with regard to what penalties, if any, counties may invoke to enforce a violation of a code of ethics. You indicate that Dane County has adopted a code of ethics, by ordinance, which is applicable to county supervisors, department heads, appointees to administrative agencies and elected officials. This code was adopted pursuant to sec. 19.45 (11) (c), Stats.:
 "Counties and municipalities may and should establish a code of ethics for local public officials."
This section is part of subch. III of ch. 19, General Duties of Public Officials, which provides in detail for a code of ethics for state officials, but gives no further directives for a county or municipal code of ethics.
One of the provisions of the Dane County Code requires the timely filing of a statement of economic interest with limited financial disclosure information. A somewhat similar disclosure is required of certain state elective and appointive officials, by secs. 19.43 and 19.44, Stats. For the purpose of this opinion it is assumed that the Dane County provision to this effect is valid
In order to answer your question as to penalties, I have broken my answer down into specific issues for purposes of analysis.
 1. Can a county board provide that violation of its ordinance is punishable by fine or imprisonment?
I am of the opinion it cannot.
The Legislature has provided in sec. 19.50 (1), Stats., for fine or imprisonment for violations of codes of ethics adopted or established under sec. 19.48 (11)(a) and (b), Stats., which are applicable to state public officials, but has not provided for a penalty in the form of fine or imprisonment for violation of a code adopted by a county or municipality.
Section 939.12, Stats., provides:
 "A crime is conduct which is prohibited by state law and punishable by fine or imprisonment or both. Conduct *Page 150 
punishable only by a forfeiture is not a crime." (Emphasis added.)
The word "fine" does not include forfeiture, sometimes called fines, imposed by municipal corporations for violating their ordinance. State v. Hamley, 137 Wis. 458, 119 N.W. 114 (1909),Stoltman v. Lake, 124 Wis. 462, 102 N.W. 920 (1905).
For reasons which become clearer under No. 2, it is important to consider "fine or imprisonment" as one term which loses the meaning inferred in sec. 939.12, Stats., when broken down into its component parts of "fine" and "imprisonment."
A county is not a sovereign and the sovereign alone can create a crime. State ex rel. Keefe v. Schmiege, 251 Wis. 79,28 N.W.2d 345 (1947). Therefore, "fine or imprisonment" is not a permissible penalty.
However, it should be noted that imprisonment may ultimately result from a failure to pay a forfeiture imposed by an ordinance. The authority for such imprisonment may be found in ch. 288, Collection of Forfeitures.
Sections 288.09 (1) and 288.10, Stats., provide:
 "(1) Where judgment is recovered pursuant to this chapter it shall include costs and direct that if the same be not paid the defendant (if an individual) shall be imprisoned in the county jail for a specified time, not exceeding six months, or until otherwise discharged pursuant to law. The commitment shall issue, as in ordinary criminal actions, and such defendant shall not be entitled to the liberties of the jail."
 "All forfeitures imposed by any ordinance or regulation of any county, town, city or village, or of any other domestic corporation may be sued for and recovered, pursuant to this chapter, in the name of such county, town, city, village or corporation. It shall be sufficient to allege in the complaint that the defendant is indebted to the plaintiff in the amount of the forfeiture claimed, specifying the ordinance or regulation which imposes it. And when such ordinance or regulation imposes a penalty or forfeiture for several offenses or delinquencies the complaint shall specify the particular offenses or delinquency for which the action is brought, with a demand for judgment for *Page 151 
the amount of such forfeiture. All moneys collected on such judgment shall be paid to the treasurer of such county, town, city, village or corporation."
Such imprisonment for failure to pay a forfeiture was held constitutional in Schmiege, supra, and Milwaukee v. Johnson,192 Wis. 585, 213 N.W. 335 (1927). However, constitutional limitations may be applicable under some circumstances under Tatev. Short, 401 U.S. 395 (1971); State ex rel. Pedersen v.Blessinger, 56 Wis.2d 286, 294, 201 N.W.2d 778 (1972); and WestAllis v. State ex rel. Tochalauski, 67 Wis.2d 26, 29,226 N.W.2d 424 (1975).
 2. Can a county board provide that violation of its ordinance is punishable by forfeiture?
I am of the opinion that it can.
In Schmiege, supra, the court invalidated a county ordinance providing for a "fine or imprisonment" as penalty for its violation. The court at page 84 went on to say:
 "[The ordinance] must be held to be invalid in so far as it attempts . . . to impose penalties other than forfeitures and imprisonment necessary for the enforcement of the forfeitures."
The above statement by the court is supported by the clear inference of sec. 288.10, Stats. That section as quoted above outlines the procedure to be followed by a county, town, city or village to collect forfeitures imposed by any ordinance or regulation of such governmental entities. Although there is no direct legislative provision for the imposition of a forfeiture, the Schmiege case and sec. 288.10, Stats., indirectly provide such legislative authority to counties.
It is important to note that on occasion courts have determined that a "fine" is a permissible penalty for violation of an ordinance. For example, in State ex rel. Pedersen v. Blessinger,supra, at 290, the court commented:
 ". . . In village, city and county ordinance violations, the sanction can be only a fine or a forfeiture as those units of government lack sovereignty which is necessary to make such violation a crime involving the punishment of imprisonment. State ex rel. Keefe v. Schmiege (1947), 251 Wis. 79, 28 N.W.2d 345." (Emphasis added.) *Page 152 
Also in Milwaukee v. Horvath, 31 Wis.2d 490, 494,143 N.W.2d 446 (1966), the court reaffirmed Schmiege in that:
 ". . . where a fine is levied and imprisonment provided on failure to pay the fine, such imprisonment does not violate either sec. 2, art. I, of the Wisconsin constitution, or sec. 1, art. XIII, of the United States constitution." (Emphasis added.)
Thus comes the distinction between the word "fine" standing alone and in conjunction with "imprisonment" alluded to in answer No. 1. The Schmiege court clearly held that "fine or imprisonment" is an impermissible penalty for violation of an ordinance. However, it is my opinion that the word "fine," when used alone in the context of an ordinance, should be considered a forfeiture.
This distinction was made with reference to a city ordinance inJohnson, supra, pp. 589-590:
 "The fact that the ordinance provides that the offense `shall be punished by a fine' does not necessarily lead to the conclusion that the offense is criminal or quasi-criminal in its nature. When used in a city ordinance the term `punishable by fine' `implies a mere forfeiture or penalty collectible by civil action in the name of the city . . . .' Milwaukee v. Ruplinger, 155 Wis. 391, 395, 145 N.W. 42. . . ."
Thus a fine, when considered a forfeiture, is a permissible penalty for the violation of a code of ethics.
 3. Can a county board provide that any person who fails to file a statement of economic interest as required by the ordinance be disqualified from the right to file for elective county office?
I am of the opinion that it cannot. This opinion is confined to consideration of the offices of supervisor, judge, county executive, and those officers elected under Wis. Const. art. IV, sec. 4. Where the constitution has not provided for the qualifications of candidates for such offices, the Legislature has sole authority, and the Legislature has not delegated any powers to county boards to establish qualifications for candidates to such offices. County boards have only such legislative powers as are conferred upon them by statute, expressly or by clear implication. Maier v. Racine County,1 Wis.2d 384, 84 N.W.2d 76 (1957). *Page 153 
Qualifications for constitutional offices, where not established or limited by the constitution, may be established by legislative enactment, and offices omitted from constitutional regulation or created by statute are within the power of the Legislature to regulate, and it may make such rules regarding them as it deems wholesome and proper for the maintenance of good government. State ex rel. Buell v. Frear, 146 Wis. 291,131 N.W. 832 (1911); State ex rel. Bloomer v. Canavan, 155 Wis. 398, 408,145 N.W. 44 (1914).
 4. Is a duty to file a statement of economic interest as required by ordinance, one "required by law" within the meaning of sec. 59.10, Stats., applicable to county supervisors?
I am of the opinion that it is not.
Section 59.10, Stats., provides:
 "Neglect of duty. Any supervisor who refuses or neglects to perform any of the duties which are required of him by law as a member of the county board of supervisors, without just cause therefor, shall for each such refusal or neglect forfeit a sum of not less than fifty nor more than two hundred dollars." (Emphasis added.)
Specifically, it is my opinion that an ordinance which adopts a code of ethics does not become law such that a supervisor may be penalized for its violation pursuant to sec. 59.10, Stats. In my opinion "required . . . by law" in that section refers to a law imposed by the Legislature, not the county board. A duly adopted ordinance constitutes "law" in the broad sense, but not as that term is used in sec. 59.10, Stats.
In 63 OAG 107, 112 (1974), my predecessor stated:
 ". . . However, it is evident that the penalties or sanctions `otherwise authorized by law,' which are preserved by sec. 161.44. Stats., refer to penalties or sanctions which are `authorized' by other statutory or statewide legislation rather than by ordinance. Volume 4A Words and Phrases, `Authorized by Law,' pp. 627-629; Volume 5A Words and Phrases `By Law,' p. 810-811." *Page 154 
Further, in 12 OAG 24, 24-25 (1923), it was stated with respect to a county board rule increasing the majority vote for money appropriations:
 ". . . Such a rule requiring a larger vote than a majority of a quorum present is not a larger vote `required by law' . . . . Any other provision as to the vote required must be a provision of the statutory law. . . ."
Although violation of an ordinance may not be the basis for a finding of neglect of duty pursuant to sec. 59.10, Stats., sec.59.04 (4), Stats., provides that "The board may punish its members for infraction of its rules by imposing the penalty provided therein." If the ordinance were adopted as a rule and an appropriate penalty were provided, the board could proceed against a supervisor for violation of the code of ethics under such rule, rather than under sec. 59.10.
 5. Can a county board provide that intentional failure of a supervisor to file the required financial statement would constitute grounds for removal of such supervisor from office?
I am of the opinion that it cannot
Section 17.09 (1), Stats., provides that a county supervisor may be removed from office:
 ". . . by the county board, for cause, by a vote of two-thirds of all the supervisors entitled to seats on such board."
Removal procedure is governed by sec. 17.16, Stats., and subsec. (2) defines "cause" as "inefficiency, neglect of duty, official misconduct or malfeasance in office." Such procedure contemplates a determination by the board on a case-by-case basis whether any act or omission of a board member constitutes cause for removal in the context of surrounding circumstances. If a board adopts a rule or ordinance which provides that failure to file a financial statement is ipso facto a cause for removal, it is my opinion that the board is circumventing impermissibly the statute's procedure of a case-by-case vote applying the more general definition of cause provided by sec. 17.16 (2), Stats., as a guideline. This does not mean that a board could not proceed to hearings on removal for cause where the only *Page 155 
ground was alleged intentional failure to file the required financial statement.
BCL:RJV